THE PEOPLE, ex rel. TIMOTHY McDONOUGH, Appellant, *v.* THE BOARD OF MANAGERS OF THE BUFFALO STATE ASYLUM FOR THE INSANE, Respondent.

(Submitted May 8, 1884 ; decided June 10, 1884.)

THIS was an appeal from judgment of General Term, affirming a judgment entered upon the report of a referee, dismissing an alternative writ of *mandamus* issued herein.

The relator had been employed by the defendant as keeper of its asylum grounds at a monthly salary, and the use of a dwelling-house with the right of cultivating at his own expense and for his own benefit a certain portion of defendant's premises. On June 9, 1878, the relator was dismissed and directed to leave the premises. He was paid his salary up to June 1, 1878. At the time of his dismissal the relator had crops on the land he was allowed to cultivate. He presented in writing a claim "for labor and services in cultivating grounds * * * $247." One of defendant's members was appointed to settle all claims of relator's; he effected a settlement. The claim so presented was receipted in full, and also across the face of the paper was written this receipt:

"I hereby acknowledge this to be a receipt in full of all demands of every name and nature which I have against the asylum." The relator claimed in this proceeding damages for being discharged, he alleging that the hiring was by the year and that he was dismissed without cause, and also for certain extra work. The court here say :

"Assuming that the remedy of the relator to enforce his claim is by *mandamus*, which is by no means clear, the principal question presented upon this appeal is whether the payment of the relator's account for damages made out against the respondent, and the receipt given for the same, and also the instrument indorsed across the face of the account as presented, by which the relator acknowledged that the receipt signed by him was 'in full of all demands of every name and nature' which he had against the respondent, was an accord and satisfaction of the relator's demand set forth in the *mandamus*.

The referee found upon the trial that it was, and we think the evidence was sufficient to sustain his finding. The instrument referred to, upon its face, shows that it was intended to cover all claims and demands against the respondent, and *prima facie* it is sufficient to discharge such claims absolutely. If open to explanation by parol evidence, as may be conceded, here was testimony which tended to establish that such was the intention of the parties, and the most that can be claimed by the appellant is, that the evidence was conflicting in reference to the claims and demands which the receipt was designed to cover."

After a discussion of the evidence, the opinion continues: " The appellant's counsel claims that the receipt is limited in its effect to such demands as, at its date, the relator had against the asylum, and that no part of the demand for which this proceeding is instituted had accrued at the time. We think that this position cannot be maintained. If there was a contract, as claimed by the appellant, the moment the relator was discharged and the contract broken by the respondent, the relator had a claim for damages by reason of its breach of such a nature as he might be able to prove would necessarily arise from that fact. He had been turned out of employment and obliged to surrender the house and premises which he occupied, and the respondent was indebted to him for the number of days he had worked after the 1st of June. For these, if the contract had been violated, he was entitled to recovery, and hence they were a subject of negotiation and arrangement, and constituted a part of the transaction which resulted in the settlement and in the receipt executed by the appellant, and therefore there is no ground for claiming that the settlement did not embrace any thing beyond the account presented, which was receipted for by the relator. * * * Had he (relator) intended to claim wages thereafter, he was bound to speak at the time, and by his silence he is estopped from now insisting that this claim was reserved and not included in and covered by the instrument executed by him. When a party executes an instrument as known to be understood by the other party, he will not be allowed to set up his secret belief to nullify the

contract. (*Bull* v. *Bull*, 43 Conn. 455.) In the case of *Vedder* v. *Vedder* (1 Denio, 257), where a receipt in full was executed and nothing was said about a claim of the plaintiff, it was held that the receipt was an accord and satisfaction. This case is directly in point, and upholds the instrument executed in the case at bar as an accord and satisfaction.

"Some authorities are cited by the appellant's counsel to sustain the doctrine that the settlement of a debt for a less sum, after a specific debt is due, in satisfaction of the debt, is not good by way of accord and satisfaction, but that rule is only applicable where the existence of the debt and the amount thereof is conceded, and does not apply where the claim is disputed. (*Palmerton* v. *Huxford*, 4 Denio, 166.)

"The claim of the appellant that a release is essential to bar his right to his salary is not meritorious. The relator was not a salaried officer and his claim is based upon a contract of hire and no reason exists why a receipt, in the nature and form of the one given by him, should not operate as a full discharge."

*David F. Day* for appellant.

*Delavan C. Clark* for respondent.

MILLER, J., reads for affirmance.
All concur.
Judgment affirmed.