Frederick Komp, Appellant, v. James I. Raymond, as President of A. A. Vantine & Company, Respondent.

1. Receipt — Payment in Full — Accord and Satisfaction. A written instrument, signed by an employee, acknowledging the receipt of a definite sum in full payment of his contract, with salary, interest and allowance, besides closing his account, is a receipt only and not a contract affording conclusive evidence of an accord and satisfaction, where it lacks explicit words expressing any agreement or indicating anything contracted for and contains no words importing a promise to do or refrain from doing anything.

2. Evidence — Receipt — Parol Testimony to Explain. A mere written acknowledgment that an amount of money has been received by an employee in full payment of his account, may be modified, explained or contradicted by parol evidence that the receipt was signed upon the understanding that if an alleged balance was not paid, the employee would submit the controversy to a court and jury, and that the employer's representative admitted that the balance claimed was justly due, but that he could not induce the employer to pay it.

*Komp* v. *Raymond*, 71 App. Div. 612, reversed.

(Argued April 3, 1903; decided May 1, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 16, 1902, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Jesse S. Epstein* for appellant. The receipt is not a contract, and oral evidence explaining it was admissible. (*C. A.*

*G. Co.* v. *U. S.*, 20 Ct. of Cl. 1; *Herrick* v. *Throop*, 24 Fed. Rep. 532; *Hotchkiss* v. *Mosher*, 48 N. Y. 478; *Abbe* v. *Eaton*, 51 N. Y. 410 ; *Mosel* v. *F. B. Co.*, 2 App. Div. 95; *Pfeifer* v. *Campbell*, 111 N. Y. 631; *Ryan* v. *Ward*, 48 N. Y. 204; *Boardman* v. *Gaillard*, 60 N. Y. 614; *Patterson* v. *Ackerson*, 2 Edw. Ch. 427; *Danziger* v. *Hoyt*, 120 N. Y. 190.) The receipt was only part of an agreement and was delivered upon the condition, viz. : That it was only to become operative and be in full in the event of a court finally deciding that the contract was payable in yens. It was error to exclude evidence or proof to this effect. (*Blewitt* v. *Boorum*, 142 N. Y. 357; *Reynolds* v. *Robinson*, 110 N. Y. 654; *Benton* v. *Martin*, 52 N. Y. 570 ; *Seymour* v. *Cowing*, 4 Abb. Ct. App. Dec. 200 ; *Bookstaver* v. *Jayne*, 60 N. Y. 146 ; *Higgins* v. *Ridgway*, 153 N. Y. 130; *Baird* v. *Baird*, 145 N. Y. 659; *Gierson* v. *Mason*, 60 N. Y. 394; *Juilliard* v. *Chaffee*, 92 N. Y. 529 ; *Meyer* v. *Lathrop*, 73 N. Y. 315.) If the plaintiff's claim was for a liquidated amount there could be no accord and satisfaction unless there was a valid or genuine dispute. (*McDaniels* v. *Lapham*, 21 Vt. 222 ; *Ryan* v. *Ward*, 48 N. Y. 204; *Bunge* v. *Coop*, 48 N. Y. 225 ; *Jaffrey* v. *Davis*, 124 N. Y. 164 ; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326 ; *Fuller* v. *Kemp*, 138 N. Y. 231 ; *Fitzgerald* v. *Fitzgerald*, 44 Neb. 463.) There was no accord and satisfaction because there was no meeting of the minds, or understanding or agreement that the payment of $1,250 should be in full or as a final settlement. (*E. V. B. Co.* v. *Prosser*, 157 N. Y. 289; *Nassoiy* v. *Tomlinson*, 148 N. Y. 331 ; *Fuller* v. *Kemp*, 138 N. Y. 231 ; *Rothschild* v. *Mosbacher*, 26 App. Div. 167; *Lestine* v. *Ernst*, 5 App. Div. 373 ; *Bernard* v. *Werner*, 19 Misc. Rep. 173.)

*John L. Hill* for respondent. The papers purport to show a statement of the amount due — a present liquidation of plaintiff's unliquidated claim under the agreement — and its full payment and discharge, and parol evidence was inadmissible in the absence of mutual mistake or fraud to vary or

contradict their legal effect. (*Coon* v. *Knapp*, 8 N. Y. 402;
*Peck* v. *Peck*, 20 Wkly. Dig. 83; 99 N. Y. 608; *Fuller* v.
*Kemp*, 138 N. Y. 232; *Nassoiy* v. *Tomlinson*, 148 N. Y.
326; *People* v. *Managers, etc.*, 96 N. Y. 640; *Bernard* v.
*Werner Co.*, 19 Misc. Rep. 173; *Read* v. *Bank of Attica*,
124 N. Y. 671; *Vacheron* v. *Hildebrant*, 39 Misc. Rep. 61.)

MARTIN, J.   The complaint contained two counts or causes
of action.  The first was based upon a written agreement
between the parties, and the second was for work, labor
and services performed by the plaintiff after the expiration of
the term provided for by the written agreement.   The answer
admitted the making of the contract and averred as a defense
an accord and satisfaction.   Other defenses were pleaded, but
they are wholly immaterial upon this appeal.

Upon the trial the defendant practically conceded the plain-
tiff's right of action and assumed the affirmative of proving
as a defense a valid accord and satisfaction.   The defendant
introduced the contract in evidence, whereby the plaintiff
agreed to enter into the employment of the defendant for the
period of five years from January 1, 1891, his services to be
rendered in the empire of Japan, and to accept in full pay-
ment therefor the sum of fifteen hundred dollars for the first
year, seventeen hundred and fifty dollars for the second, two
thousand dollars for the third, twenty-two hundred and fifty
dollars for the fourth, and three thousand dollars for the fifth;
one hundred and twenty-five dollars of such salary to be paid
each month in Japan, and the balance to remain with the
defendant until the termination of the agreement, at six per
cent interest.   The defendant agreed to employ the plaintiff
upon the foregoing terms and conditions, to pay, in addition
to such salary, the necessary traveling expenses of the plaintiff
incurred in its business, to grant him a vacation of three
months if he desired during either the third or fourth years,
and to pay the necessary traveling expenses of the plaintiff if
he took such vacation from Japan to New York and return.

Upon the back of this agreement there was a statement of

account made by the defendant upon the theory that the plaintiff was required to receive in compensation for his services the amount named therein in yens and not in American dollars, wherein the amount due the plaintiff was stated to be twelve hundred and fifty dollars. Then followed a receipt as follows: "Rec'd payment, Mch. 3d, 1896, Twelve hundred and fifty dollars being full payment of his contract expiring Jany. 1st, 1896, with salary, int. and allowance, besides closing his acct. to Mch. 1st, 1896. Signed, Fred'k Komp." Upon the introduction of this evidence the defendant rested.

The plaintiff then offered to prove that he fully performed the contract upon his part, and that upon his return to New York he requested a settlement with the defendant; that he met a representative of the defendant, who on the trial was conceded to have had authority to act for it, between whom it was agreed that he was entitled to additional salary for two months amounting to five hundred dollars, and to an allowance in lieu of his vacation of four hundred dollars, which, with the sum unpaid upon the contract, with interest, amounted to $6,966.75 if payable in American dollars. The defendant's representative, however, contended that under the contract the plaintiff was to be paid for his services in Japanese yens, which would leave the amount due to the plaintiff only twelve hundred and fifty dollars. Thus the only question of difference between the parties involved the proper construction of the written contract, and was whether under it the plaintiff was entitled to his pay in American dollars, or whether in Japanese yens, which were worth about fifty cents each in American currency. That question the court refused to try.

At the first meeting between the plaintiff and the defendant's representative they were unable to adjust the matter, the plaintiff claiming he was entitled to $6,966.75, and the defendant that he was entitled to only twelve hundred and fifty dollars. At a subsequent conference between them the defendant asked the plaintiff if he had decided to take the check for twelve hundred and fifty dollars, and the plaintiff replied, "Not exactly

the way that you want me to take it.  *  *  *  I will tell you
what I will do.  You claim this thing should be settled in yens,
and I claim the thing should be settled in American dollars,
as it reads American dollars on the face of the contract.
Now, I have got to have money, and you know it.  *  *  *
You pay me this money and I will sign this receipt.  If I
can show or bring proof to you and convince you that you
are wrong in having me sign this, insisting on my signing this
when I claim that it should be settled in dollars, will you pay
me the balance of $5,715?  I will sign the receipt on these
conditions if you will make that agreement with me, if you
will agree that if I can show you, if I can convince you and
bring proof to you that you are wrong about this thing, that
it should be dollars instead of yens, will you pay me that bal-
ance of $5,715 later on?"  To this the defendant's repre-
sentative replied, "Yes, that seems fair."  The plaintiff then
said, "Now, if you do not pay me that balance I will take
the thing to court and we will leave it to a court and jury to
settle."  The defendant's representative replied, "That won't
be necessary, I will agree to that."  The plaintiff said, "All
right, now hold on; you know just what this is?"  He said
"Yes."  The plaintiff said, "Now, you understand if you
don't pay me that balance that I shall take the whole thing
to court for settlement.  He said, All right," and then the
plaintiff took the check and signed the receipt.  All these
facts the plaintiff offered to establish by proof, to which the
defendant objected and the objection was sustained.  The
plaintiff also offered to prove that after signing the receipt
the representative of the defendant, when asked for the bal-
ance, put the plaintiff off from day to day, and finally
admitted that he was convinced the plaintiff was right, but
alleged that he could not make the president of the defend-
ant pay.  He likewise offered to prove that the defendant's
representative never believed he had a valid right to insist
that the contract was payable in yens, and never honestly
believed that any such right existed.  All this evidence was
rejected by the court and the plaintiff duly excepted.  He

thereupon asked permission to introduce evidence of the matters stated in the foregoing offer and to go to the jury upon the question involved. This was denied and the court thereupon dismissed the complaint, with costs, to which the plaintiff duly excepted.

Upon a previous trial of this case the plaintiff had a judgment for the amount of his claim, which the learned Appellate Division, by a divided court, reversed upon the ground that the foregoing receipt amounted to a contract or release for the remainder of the defendant's indebtedness to the plaintiff, and that the court erred in receiving parol evidence of the transaction and agreement between the plaintiff and the defendant's representative, of which the giving of the receipt was a part. Obviously, the learned trial judge relied upon that decision in determining the case upon the trial now under review, and the affirmance by the Appellate Division was also founded thereon.

One of the questions involved upon this appeal is whether the paper signed by the plaintiff was a receipt, and, consequently, subject to explanation or contradiction, or whether it amounted to a contract between the parties which was conclusive evidence of a valid accord and satisfaction, and, therefore, barred the right of the plaintiff to prove that it was given upon the express understanding that he might enforce the remainder of his claim upon establishing his contention that he was entitled to recover the full amount due upon the agreement in American dollars, instead of about one-half that sum, the value of Japanese yens. By this receipt the plaintiff acknowledged the receipt of twelve hundred and fifty dollars in full payment of his contract, with salary, interest and allowance, besides closing his account. Was this anything more than a mere admission upon the part of the plaintiff that he had received the sum named in full payment of his salary, interest, allowance and account?

The insistence of the defendant that the receipt signed by the plaintiff was a contract leads to the inquiry, *first*, as to the elements required to constitute a contract, and, *second*,

whether that instrument contains such necessary elements. A contract is defined by Blackstone, Kent, Chief Justice Marshall and others as an agreement upon a sufficient consideration to do or not to do a particular thing. Comyn's definition of the essentials to a simple contract are : 1st. A person able to contract. 2d. A person able to be contracted with. 3d. A thing to be contracted for. 4th. A good and sufficient consideration or *quid pro quo*. 5th. Clear and explicit words to express the contract or agreement, and, 6th. The assent of both the contracting parties. This definition was approved in *Justice* v. *Lang* (42 N. Y. 493). When tested by these definitions it becomes impossible to find within the receipt signed by the plaintiff the elements necessary to constitute a valid contract. If we assume that the plaintiff was a person able to contract and that the defendant was able to be contracted with, still there is nothing upon the face of the paper indicating any contract with the defendant or anything which was contracted for. Neither were there any clear or explicit words to express any contract or agreement. There are in the receipt no words importing a promise or contract to do anything, nor to refrain from doing anything. It at most is a mere admission upon the part of the plaintiff that he has received a certain amount of money in full for certain services and allowances which closed his account. Treat the language of this receipt as you may, admit all that is possible to be implied by or inferred from its terms, still it does not contain the necessary elements required to constitute even a promise and certainly is not sufficient to constitute a contract or agreement. It is a plain admission of the receipt of a certain amount of money in full payment and nothing more. Consequently, under every definition of a contract, it is defective and contains practically none of the elements necessary to constitute such an instrument. But it is said that it is an agreement to receive the sum named in full payment of his contract. That statement, however, is incorrect, for it does nothing of the sort. Nothing is promised. Nothing agreed to be done or omitted. At most it is a mere admission of a past

transaction or of an existing fact. It is a mere acknowledgment that an amount of money has been received by the plaintiff in full payment of his account. Hence, it must be regarded as a receipt only and not as a contract.

That such a receipt, being an informal and non-depositive writing, may be modified, explained or contradicted by parol, is well established by the authorities in this state and elsewhere. (2 Wharton on Evidence, § 1064; *House* v. *Low*, 2 Johns. 378; *Tobey* v. *Barber*, 5 Johns. 68, 72; *Ryan* v. *Ward*, 48 N. Y. 204, 207; *Eaton* v. *Alger*, 2 Abb. Ct. App. Dec. 5; *Abbe* v. *Eaton*, 51 N. Y. 410; *Boardman* v. *Gaillard*, 60 N. Y. 614; *Smith* v. *Holland*, 61 N. Y. 635; *Danziger* v. *Hoyt*, 120 N. Y. 190, 194; *Martin* v. *Mfrs. Acc. Indemnity Co.*, 151 N. Y. 94; *Riley* v. *Mayor, etc., of N. Y.* 96 N. Y. 331, 338; *People ex rel. McDonough* v. *Bd. Managers*, 96 N. Y. 640.)

In *House* v. *Low*, decided in 1807, the Supreme Court held that parol evidence was admissible to show that a receipt was conditional, and that it might be explained by parol evidence. In the *Tobey* case, decided in 1809, the same doctrine was held, and the court there said: "It has been repeatedly held in this court that a receipt is an exception to the general rule, that a writing cannot be explained or contradicted by parol. The grossest abuses and fraud would be practiced upon the ignorant and unwary if receipts were to be deemed conclusive and not open to examination." In that case it was held that parol evidence was admissible to show that a receipt, purporting to be in full for two quarters' rent, was founded upon a note given by a third person, by the procurement of the defendant; that the maker became insolvent, and for that reason it was not paid, and was not an extinguishment of the debt due for the rent. In *Ryan* v. *Ward* it is said: "It has long been settled in this State that a receipt furnishes mere *prima facie* evidence of the facts stated therein, and that it may be controverted or explained by parol evidence. This grows out of the fact that a receipt is not a contract. It is a mere declaration or admission in writing. Where a contract

is embodied in the receipt, then, so far as the receipt contains a contract, it cannot be controverted or explained by parol. It has never been intimated, in any case in this State, that it made any difference whether the receipt was for a specified sum of money or in full. The same rule applies, and no reason is apparent why it should not. A receipt for a specified sum of money contains a declaration that so much has been paid upon account, or for a particular purpose. A receipt in full contains a declaration that a certain sum has been paid in full of all claims of a certain kind, or of all demands. Neither kind of receipt embodies any contract. Both furnish only *prima facie* evidence, and are valuable only as such. Both are equally open to explanation or contradiction." The foregoing authorities show quite plainly the general rule which is applicable to, and the probitive value of, receipts as evidence. They are mere *prima facie* evidence of the facts stated and not conclusive, but may be explained or contradicted by parol. We will now consider some of the cases in this court where written instruments have been held to be receipts only, subject to explanation or contradiction by oral evidence, and thus show not only that the cases cited establish the foregoing rule, but also that that rule has been held applicable in cases very similar to the case at bar. In *Eaton* v. *Alger* the receipt was as follows: · "Received of Ira M. Clark a note against J. P. Alger, indorsed by W. S. Alger, for six hundred and twenty nine dollars and seventy-five cents, which I agree to account for on demand. Josiah Eaton." It was held that this instrument was not a contract of bailment, and that it did not fall within the rule which excludes parol testimony to vary a writing, but that it was explainable as a receipt, especially by third persons. In *Abbe* v. *Eaton* a bill of lading contained the following clause: " All damages caused by boat or carrier, or deficiency of cargo from quantity, as herein specified, to be paid by the carrier and deducted from the freight, and any excess on the cargo to be paid for to the carrier by the consignees." It was held that this was not a guaranty of the quantity specified, or an

agreement that the bill of lading should furnish the only evidence of the quantity; that it was in effect a mere receipt as to the quantity of the goods delivered to the carrier, was *prima facie* evidence only, and was open to contradiction or explanation by parol evidence. In the *Boardman* case it was held that where a party, upon the receipt of a sum of money, supposing he was simply receipting therefor, signed a receipt in full of all accounts, he was not concluded thereby from recovering any other sum due him. In *Smith* v. *Holland* it was held that where a promissory note also embodies a receipt, the receipt is open to explanation the same as if it were a separate instrument. In that case the parties settled a certain claim for damages, and the defendants gave a note for eight hundred dollars, which was stated therein to be " in full of all demands to date," and at the same time gave the plaintiffs a certificate that they had that day settled the year's business with the plaintiffs in full. At the time of the settlement a quantity of black walnut had not arrived. Immediately after the settlement and giving of the note, one of the defendants with whom the settlement was made told the plaintiffs that if there was any deficiency in the quantity of black walnut they would make it good. Such a deficiency existed. An action was brought to recover the amount overpaid. It was held that the plaintiffs were not precluded by the settlement and the note, but that the receipt therein was open to explanation by parol as to what was settled. In the *Danziger* case there was a receipt as follows : " Received of Mrs. H. M. Hoyt twenty-five hundred dollars in full for medical services to 4th inst.," and in that case it was held that the receipt was *prima facie* a satisfaction of the claim against the defendant for services up to October 4, 1884, but that it was subject to explanation to qualify its effect. In *Riley* v. *Mayor* the plaintiff gave receipts in full for all labor for which he sought to recover, and it was said : " While a receipt is not conclusive evidence of all the facts and statements contained therein, and is open to explanation and contradiction by the party giving it, yet it is always considered as *prima facie* evidence of

such facts, and in the absence of a sufficient explanation showing its incorrectness becomes conclusive evidence against the party giving it." In *People* v. *Board of Managers* the receipt was as follows: "I hereby acknowledge this to be a receipt in full of all demands of every name and nature which I have against the asylum." In that case it was in effect said that this receipt, although *prima facie* evidence of a settlement, was open to explanation by parol. We regard the principle of these authorities as controlling in and decisive of this case.

But it is contended that the decisions of the court below are sustained by the cases of *Coon* v. *Knap* (8 N. Y. 402); *Read* v. *Bk. of Attica* (124 N. Y. 671); *Fuller* v. *Kemp* (138 N. Y. 231), and *Nassoiy* v. *Tomlinson* (148 N. Y. 326). Those cases are unlike and clearly distinguishable from the case at bar and are not in conflict with the cases already cited. The *Coon* case was an action based upon the negligence of the defendant, and the receipt was in full for all damages done by an accident occurring upon a given date. In that case, while the principle that a receipt may be explained or contradicted was fully recognized, it was held that that instrument, when considered in the light of the circumstances of that case, should be regarded as evidence of a compromise or settlement, as it was not technically a receipt for money on account, but was in full for damages occasioned by a particular tort and in effect a release. Certainly that principle has no application to the case at bar, where the action was upon an account for the plaintiff's services and the instrument signed was merely an acknowledgment of the receipt of twelve hundred and fifty dollars in full payment of such *account.* *Read* v. *Bank of Attica* was an action on a certificate of deposit, and it was held that its terms could not be varied by an oral agreement to pay interest thereon, the court saying: "The terms of commercial paper cannot be varied by oral agreements forming part of the same transaction." How the decision in that case has any bearing upon the question involved in this is not apparent. In *Fuller* v. *Kemp* and

*Nassoiy* v. *Tomlinson* the plaintiff in each case, after a refusal to pay any more, sent to the defendant his check for a sum less than the amount claimed, upon the express condition that it should be received in full payment of the claim, and it was held that under those special circumstances the use of the check imported an intention or election to be bound by such condition, and constituted an accord and satisfaction. Those cases are totally unlike the case at bar and have no bearing upon the question involved. In this case the defendant's check was received, not in settlement of damages for a tort, nor upon a contract of accord and satisfaction, but upon the express agreement that the plaintiff's right to recover the balance due for his services should not be affected by the receipt, but should survive its delivery and leave in the plaintiff the right to enforce his claim for the balance his due if his services were payable in American dollars instead of yens. As was said by this court in *Eames Vacuum B. Co.* v. *Prosser* (157 N. Y. 289, 305): "In the *Fuller* and *Nassoiy* cases the doctrine of accord and satisfaction was carried to the extreme limit, and it is not our purpose to further extend the rule." In that case it was held that to constitute an accord and satisfaction the debtor and creditor must mutually agree as to the allowance or disallowance of their respective claims and as to the balance struck upon the final adjustment of their accounts and demands on both sides. No conclusive proof to that effect was given in the case at bar. But the proof tendered by the plaintiff would have shown that there was an utter failure of the parties to agree as to the balance due the plaintiff; that there was no final adjustment of their account; that there was an express agreement that the payment made by the defendant was not in satisfaction of his debt, and that the plaintiff still retained the right to legally enforce the remainder of his demand unless it was subsequently paid by the defendant.

It is also to be observed that the plaintiff offered to prove that the defendant's representative did not act in good faith, as he never believed that he had any valid right to raise the

8

question that the plaintiff's claim for his services was payable in yens instead of dollars, and that he never honestly believed that there was any right to raise that contention. If this proof had been admitted, the jury might have found that there was no genuine dispute between the parties, but that the defendant's refusal to pay the plaintiff's claim was an arbitrary one, made for the purpose of exacting terms which were inequitable, unjust and, hence, that there was not such a dispute as would support a compromise. With this proof in the case, a jury might have found that the action of the defendant in obtaining the receipt was based upon a fraudulent intent to take advantage of the plaintiff's necessities, and, therefore, upon any view of the case the transaction would have been void, at least so far as the receipt was claimed to bar the plaintiff's right of action for the amount justly his due.

When these grounds are considered, it becomes clear, we think, that the trial court erred in rejecting the proof tendered by the plaintiff, and that the judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., HAIGHT, CULLEN and WERNER, JJ., concur; GRAY, J., dissents; BARTLETT, J., absent.

Judgment reversed, etc.