LIBMAN v. COHEN et al.

(Supreme Court, Appellate Term. November 11, 1910.)

1. EVIDENCE (§ 408*)—PAROL EVIDENCE.

    A reciept for money, which stated that it was given in payment of services to be rendered by defendant in securing a composition in a bankruptcy case and was not signed by the plaintiff, is not a contract and consequently can be explained and varied by parol evidence.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1829–1842; Dec. Dig. § 408.*]

2. ACTION (§ 27*)—COMPLAINT—CONSTRUCTION.

    A complaint alleged that the plaintiff delivered to the defendants $1,000 in consideration that they should secure a composition in a certain cause then pending in bankruptcy, and, if they were unsuccessful in their efforts, that said $1,000 should be returned to the plaintiff. It alleged that the defendant had been unsuccessful, although the plaintiff was at all times willing to perform his part of the contract, and alleged certain false, though not fraudulent statements by defendants, and a demand and refusal. *Held*, that the complaint stated a cause of action for money had and received, despite the allegations of false representations.

    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 160–195; Dec. Dig. § 27.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Libman against Montague D. Cohen and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Eugene I. Gottlieb, for appellant.

Charles H. Broas (Jesse S. Epstein, of counsel), for respondents.

SEABURY, J. The complaint alleges that the plaintiff delivered to the defendants $1,000 under an agreement between the plaintiff and the defendants that the defendants were to secure the consent of creditors represented by them and also by T. B. and L. M. Merchant to a composition of 40 per cent. cash in bankruptcy in the matter of the estate of Frank and Miller, then pending in the District Court of the United States for the Northern District of New York, and that in the event that they did so, and the composition was confirmed by the court, the said sum of $1,000 was to be retained by defendants, and, if not, that it should be returned to plaintiff; that defendants represented to plaintiff that they would and could obtain the consent of the creditors to accept the said 40 per cent.; that said $1,000 was paid upon the understanding that it would be necessary for plaintiff to procure another sum of $1,000 in addition to the money then in

the hands of the trustee in bankruptcy, and no more; that plaintiff has been ready and willing to procure said further sum of $1,000, and did in fact procure said sum; that, after payment of said sum of $1,000 to defendants, the defendants notified plaintiff that it would be necessary for him to procure further sums of money, in addition to the second sum of $1,000, in order to procure and carry through said composition; that plaintiff was always ready to carry out all the conditions on his part; and that defendants have wholly failed to carry out their part of the said agreement. The complaint also alleges a demand upon the defendants for the return of $1,000, and demands judgment for this amount.

Before the plaintiff had concluded his proof, the defendants offered in evidence a receipt, a copy of which is as follows:

"Received from Marks & Marks, Esqs., attorneys for relatives and friends of Frank & Miller the sum of one thousand dollars ($1000) in payment of services to be rendered in securing the consents of the creditors represented by T. B. & L. M. Merchant and the undersigned to a composition of 40 per cent. cash. The said money to be returned in case the composition is not confirmed by the court and unless, if confirmed, payments made to all creditors of proven claims. It is understood, however, that no portion of said sum shall be returned to Marks & Marks if the attorney for the bankrupts or interests representing bankrupts, shall abandon their efforts to obtain said composition.

"March 3, 1906.                     [Signed]  Cohen, Schultz & Co."

Having offered this receipt in evidence, the defendants claimed that it was a contract conclusive upon the parties to the action and objected to all evidence of the plaintiff tending to show the circumstances under which the $1,000 was paid to the defendants. The learned court below adopted this view, held the receipt to be a contract, and refused to allow the plaintiff to show the circumstances and agreement under which the $1,000 was paid to the defendants.

The paper offered in evidence by the defendants was not signed by the plaintiff. It was not a contract. It was merely an acknowledgment by the defendants that they had received the sum of $1,000, and contained statements of the defendants as to their understanding of the conditions upon which this money was received. It was not conclusive upon the plaintiff and could be modified, explained, or contradicted by parol evidence. Komp v. Raymond, 175 N. Y. 102, 67 N. E. 113.

Acting upon this theory that the receipt was a contract and that the plaintiff had declared upon this contract, the court below excluded evidence offered to show the circumstances under which the money was paid by the plaintiff to the defendants and dismissed the complaint.

The complaint, which was inartificially drawn, nevertheless stated a cause of action for money had and received. The fact that the complaint also alleged that, to induce the payment of the money to them, the defendants had made false but not fraudulent representations, did not change the character of the cause of action alleged. The gist of the plaintiff's cause of action being that the defendants received money from the plaintiff under circumstances which in justice they were required to repay, the plaintiff should have been permitted to

prove the circumstances under which the money was paid to the defendants.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.