DONNELL v. FIRST MORTGAGE & REAL ESTATE CO.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

1. ACCORD AND SATISFACTION ☞7—LIQUIDATED DEBT—PART PAYMENT—EFFECT.

Where plaintiff's demand was for a liquidated amount, and there was no dispute between the parties as to the sum which should be paid, and there was a partial payment which was not received in full discharge, there was no accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 46-58, 66, 94, 95; Dec. Dig. ☞7.]

2. BROKERS ☞86—COMMISSIONS—ACTIONS—EVIDENCE.

The testimony of a broker suing for commissions for procuring a purchaser that he was entitled to recover $900, that he had received $500 on account, that the principal did not deny the balance but asked for time, and that the balance was not paid, was not contradicted by a receipt for $500 "being commissioned on sale of" property, and it was error to direct a verdict for defendant.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116-120; Dec. Dig. ☞86.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John F. Donnell against the First Mortgage & Real Estate Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Judson D. Campbell, of New York City, for appellant.
W. Arthur Howell, of New York City, for respondent.

GUY, J. In this action for the recovery of commissions upon the sale of real estate, the plaintiff claimed that the property, which was sold through his efforts for $7,000, was listed by the defendant at $6,-

500, and that the defendant agreed to pay him 10 per cent. of the list price and also one-half of any excess received over that figure, making his total commission $900, of which $400 remained unpaid.

The plaintiff testified to the agreement as alleged and the performance of the contract on his part. That he had received $500 on account and demanded payment of the balance. That defendant's president did not deny the balance was owing the plaintiff, but asked him to wait "until we get on our feet and we will pay you. We will settle up with you." That the balance was not paid.

Defendant's counsel on cross-examination of plaintiff put in evidence his receipt given to the defendant for $500, "being commission on sale of" the property in question, and also defendant's check given to plaintiff in payment of this sum.

The plaintiff then rested his case, and the defendant moved to dismiss on the ground:

"That the receipt signed and the check paid is an accord and satisfaction in full payment of all commissions to be paid on sale."

There was no ruling on this motion, and the defendant rested without putting in any evidence, and then moved for the direction of a verdict on the ground that the commission had been paid, which motion was granted by the court.

[1, 2] The direction of a verdict is error fatal to the judgment. There was no question of accord and satisfaction in the case, because the plaintiff's claim was for a liquidated amount, and there was no evidence of any dispute between the parties as to the sum which should be paid, or that the $500 was a receipt in full discharge of the demand Ryan v. Ward, 48 N. Y. 204, 8 Am. Rep. 539; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Komp v. Raymond, 175 N. Y. 102, 67 N. E. 113. The receipt did not contradict the plaintiff's testimony as to the agreed compensation for his services, that he had made demand for the balance, that the defendant promised to pay it, but had breached its contract.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.