SIAS RANDALL *v.* ROBERT KELSEY.

*Statute of Frauds. Estoppel. Evidence.*

The plaintiff, as administrator of an estate, delivered all the assets of the estate in his hands to the defendant, in consideration of the defendant's parol promise to pay all claims that might thereafter arise against the plaintiff as such administrator. *Held,* that the defendant's promise was not within the statute of frauds.

H. afterwards made claim against the plaintiff as such administrator; and the testimony showed that it was at least questionable whether the plaintiff was not bound to pay it. The defendant, being notified of said claim, promised the plaintiff to take care of it if sued, and was afterwards notified of the suit that was brought against the plaintiff upon it, but neglected to attend to it, and judgment was rendered therein against the plaintiff, which he was compelled to pay. The testimony also tended to show that said claim was one the estate ought to pay, and that the defendant once recognized it, by promising to pay part of it to H. *Held,* in a suit by the plaintiff to recover the amount paid by him on said judgment, that the defendant was precluded from objecting that said claim was not against the plaintiff as such administrator.

A receipt which does not constitute or import a contract, does not preclude parol evidence of the purpose for which it was given; and parol evidence is admissible to prove a contract made at the time of the execution of such receipt, and a part of the same transaction.

The plaintiff introduced in evidence a paper, to show the assessment of an internal revenue tax by an assistant assessor. *Held,* the paper not being produced in the supreme court, that it could not be assumed that it was not a proper instrument of evidence to show the assessment.

An internal revenue collector's receipt is proper evidence to show payment of the tax receipted.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury, and verdict for the plaintiff, June term, 1873, Ross, J., presiding.

On trial it appeared that the plaintiff was administrator of the estate of Judkins Randall, deceased, and that the defendant married the decedent's widow, and purchased of A. J. Randall, sole heir of said estate, most of his interest therein. The plaintiff gave evidence tending to show, that after the defendant married the widow, and purchased said interest in the estate, the plaintiff, at the defendant's request, passed over to the defendant all the estate in his hands,—not having then collected all the debts due the estate, or paid all the debts allowed against it, but having settled his administration account, and promised to deliver to the defendant all assets of said estate which might thereafter come to his possession; that the defendant, in consideration thereof,

promised to pay all claims that might thereafter come up against the plaintiff as such administrator; that the parties thereupon executed mutual receipts, of the following tenor :

" $77.73.        St. Johnsbury, December 20, 1869.
Received of Robert Kelsey seventy-seven and $\frac{73}{100}$ dollars on account, in full for services for administrator of Judkins Randall's estate, and money paid out.        Sias Randall."

" St. Johnsbury, December 20, 1869.
Received of Sias Randall, in full, all the notes, ac'ts, and demands due the estate of Judkins Randall, deceased; and this is a full settlement of all ac'ts.'        Robert Kelsey."

The plaintiff further gave evidence tending to show, that in the spring of 1870, one Haviland presented a claim of $15 against him as such administrator, for the use of a stallion to a mare the previous season ; that the plaintiff thereupon notified the defendant of the presentation of said claim, and that the defendant told him if Haviland sued him to let him know, and he would take care of the suit ; that Haviland did sue the plaintiff, whereof the plaintiff notified the defendant, but the defendant neglected to attend to the suit, and Haviland obtained judgment therein against the plaintiff for $23.48, damages and costs, which the plaintiff was compelled to pay. It appeared that said A. J. Randall made the trade with Haviland for the use of the stallion, and there was no evidence that he had authority to do so for the estate, except the testimony of the defendant and one of his witnesses, which tended to show that said A. J. Randall, during the summer of 1869, was carrying on the farm which belonged to the estate, and contracting debts for the family and estate, and selling property to pay the same. It also appeared that the defendant once offered to pay Haviland a portion of his claim. Haviland testified that he could not tell whether he made charge in the first instance to A. J. Randall or to the estate. The plaintiff did not testify whether he gave A. J. Randall authority or not. The plaintiff also offered in evidence a paper to show the assessment by the assistant assessor, of an internal revenue tax of $35.94 against him, and the receipt of the collector of internal revenue, showing payment thereof by him after his contract

and settlement with the defendant, which were objected to by the defendant, but admitted by the court; to which the defendant excepted. Said paper and receipt were the only evidence tending to show upon what property the tax was assessed. The receipt described the plaintiff as administrator of said estate, and acknowledged the receipt from him of $35.94, "being the amount of internal revenue tax on legacies or distributive shares arising from personal property of any kind whatsoever, late of said deceased, as follows."

The defendant denied making any such agreement as the plaintiff claimed, and gave in evidence his deed of the interest he purchased in said estate, a copy of the settlement of the plaintiff's administration account, a receipt of the payment of internal revenue taxes by himself, assessed on said estate, and the plaintiff's receipt to him.

The plaintiff's son was allowed to testify, against the defendant's exception, that immediately after the settlement between the plaintiff and defendant, in the plaintiff's store, the defendant came to the desk where the witness was writing, and said, "We have made a settlement, and if anything comes up against the estate, I am to pay it, and your father is to do the same." It was not claimed by the defendant that the items sought to be recovered in this suit were included in that settlement. The defendant claimed, when the plaintiff testified, that the plaintiff's receipt could not be contradicted by parol testimony.

The defendant requested the court to charge :

"1st    That there is no evidence that the mare that Haviland's horse went to, was the property of the estate, or that defendant was under any obligation to pay for it.

"2d.    That if A. J. Randall took a mare to Haviland's horse, any promise by defendant to pay that debt, is within the statute of frauds, and the plaintiff cannot recover for the horse.

"3d.    That the evidence of the plaintiff and his son both, shows that this was a debt that belonged to A. J. Randall to pay, and therefore within the statute of frauds, and plaintiff cannot recover.

"4th.    That this suit should have been brought in the name of the plaintiff as administrator, as plaintiff's evidence shows that if any promise was made, it was made to him as administrator.

Randall v. Kelsey.

" 5th.  That parol evidence cannot be received to show that there was a verbal agreement made by the defendant to plaintiff at the time the receipts were given, to pay any other debts that might come up : so long as there was anything reduced to writing, the law presumes it was all put in writing. '

" 6th.  That the plaintiff cannot in any event recover of the defendant."

The court instructed the jury, in substance, that if at the time the plaintiff and defendant settled and passed receipts, the defendant promised to see the plaintiff harmless from all debts that might thereafter come against him as administrator of said estate, and the plaintiff thereupon passed to defendant all the assets of the estate, and the plaintiff established such a promise by a fair balance of testimony, and also established that these two debts were debts against him as such administrator, and belonged to the estate to pay, then the plaintiff could recover ; but if the plaintiff failed to establish either of these points, he could not recover.  The court told the jury, in regard to the payment of the judgment to Haviland, that the plaintiff must satisfy them that it was a claim against him as such administrator, and that A. J. Randall had authority from the plaintiff to contract said debt, in the name of the plaintiff as such administrator, and referred the jury to the testimony of the defendant and his witness, as tending to show such authority, by showing that Randall had general authority from the plaintiff to carry on the farm, manage the property of the estate, and contract debts in behalf of the estate.  In regard to the second item, the court told the jury that, although as between the estate and A. J. Randall, it ought perhaps to come out of Randall's distributive share in the plaintiff's hands as administrator, yet, it appeared to be properly assessed against the plaintiff as administrator under the law of the United States, and if it was so, and the defendant promised to save the plaintiff harmless from all claims that should come against him as administrator, the plaintiff could recover this item.  The court also told the jury that the receipts were *prima facie* evidence of a settlement of all matters between the parties to date ; but that they were open to explanation ; and if

they did not cover these claims, the plaintiff could recover, and show the promise by parol, notwithstanding the receipts ; that the statute of frauds did not apply, if the plaintiff established the promise of the defendant, and that the debts were debts properly against him as such administrator, and that it was not necessary for the plaintiff to sue as administrator, but properly brought the suit in his own name. The court charged the jury on the question of damages in a manner not excepted to by the defendant, and explained the several propositions in the charge to the jury. To the refusal to charge as requested, and to the charge as given, the defendant excepted.

*A. M. Dickey*, for the defendant.

The notice sent by the collector to the plaintiff, of the assessment of a revenue tax against him, should not have been admitted in evidence. It contains no legitimate proof that such tax had ever been legally assessed, and is in no view admissible as tending to show such fact.

It was error to allow the plaintiff's son to testify to what the defendant told him. That was allowing a writing to be contradicted by a parol contemporaneous agreement.

The court should have charged the jury in accordance with the defendant's 1st, 2d, 3d, and 5th requests.

*O. S. Burke* and *Harry Blodgett*, for the plaintiff.

The first question raised by the bill of exceptions is, were the assessment paper and the receipt of the collector, properly received as evidence. It seems to us to be sufficient to say on this point, that this was the only way the plaintiff could show he had paid the tax, or to whom it was assessed.

The receipts which passed between the plaintiff and defendant, were open to be explained and contradicted by parol evidence. *Hill* v. *Slocum*, 37 Vt. 524 ; *Earle* v. *Wallingford*, 44 Vt. 367.

The defendant's 1st, 2d and 3d requests, seem to have been virtually complied with by the court, and the defendant cannot find fault with the charge upon those points.

The fifth and sixth requests are the same, whether the statute

of frauds bars the plaintiff from recovering in any event. The verbal promise to pay the debt of another, is legally binding, when the promissor has received the funds or property of the debtor, for the purpose of being so applied that an obligation or duty rests upon him as between himself and the debtor to make such payment, whereby his promise, though in form to pay the debt, is, in fact, a promise to perform an obligation or duty of his own. *Fullam* v. *Adams*, 37 Vt. 391 ; *Smith* v. *Estate of Rogers*, 35 Vt. 140 : *Templeton* v. *Bascom*, 33 Vt. 132 ; *Cross* v. *Richardson*, 30 Vt. 641; *Wait* v. *Exr. of Wait*, 28 Vt. 350 ; *Lampson* v. *Hobart's Estate*, Ib. 697 ; *Merrill et al.* v. *Englesby*, Ib. 150.

The opinion of the court was delivered by

BARRETT, J. The promise of the defendant was, that he would pay any claims that might come up against the plaintiff as administrator. This was not a promise to pay debts of another due to the plaintiff, but to pay debts that, as administrator, the plaintiff might be called on and compelled to pay. It was an original undertaking of indemnity by the defendant to the plaintiff upon full consideration. The statute of frauds does not affect it.

Haviland made claim against the plaintiff as such administrator. The evidence shows that it was at least *questionable* whether the plaintiff was not bound to pay it. The defendant, being notified of said claim, promised to take care of it if it should be sued, and was notified of the suit that was brought upon it against the plaintiff. In view of all this, he was precluded from objecting that it was not a claim against the plaintiff as administrator. The evidence tended to show that it was a claim that ought to be paid on the account of the estate, and that the defendant recognized it as such, by offering to pay a part of it.

The receipt of the plaintiff did not preclude other evidence of the purpose for which it was given. It does not constitute or import a contract as to anything thereafter to be done, nor does it purport to cover any future transaction. The parol evidence was therefore properly admitted.

The plaintiff gave in evidence the assessment of the tax in question, made by the assistant assessor. The document itself is

not produced, nor a copy of it.    From what is stated in the excep-
tions in respect to it, it cannot be assumed that it was not a proper
instrument of evidence to show the assessment.    The receipt of
the collector was the proper evidence of the payment of the tax.
We find no ground for any exception taken in the case.

Judgment affirmed.