THE NATIONAL TRUST & CREDIT COMPANY *v.* POLK.

Opinion delivered February 14, 1916.

1.  EVIDENCE—RECEIPT—PAROL EVIDENCE—PAYMENT.—A written receipt may be contradicted by parol testimony, being only *prima facie* evidence of its own recitals.

2.  ASSIGNMENTS—CONTRACT FOR BENEFIT OF THIRD PERSON.—A. purchased a mercantile business from B., and, as part of the price, agreed to pay certain of B.'s debts.  *Held,* A. was liable to the assignee of B.'s creditor.

3.  ASSIGNMENTS—CONTRACT FOR BENEFIT OF THIRD PARTY.—Under the evidence, it was for the jury to say whether the purchaser of a certain mercantile business assumed payment of certain of the seller's debts.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney,* Judge; reversed.

*F. G. Taylor* and *C. T. Bloodworth,* for appellant.

1.  The court erred in holding that the receipt had any binding force or effect as to the rights of appellant as against Polk or the bank.  If the receipt is not a fraud then it is a mistake and evidence is always admissible to show that a receipt is a fraud or mistake.  93 Ark. 383.  It did not at least bind the appellants.

2. Of course the agreement between J. M. Hawks and W. D. Polk by which the sale of the stock of goods was consummated with an additional agreement that the debts of Hawks should be paid from the purchase price of the goods by Polk, was made for the benefit of third parties. It was binding and the third parties could maintain a suit. 46 Ark. 132; 31 *Id.* 155.

3. The court erred in granting the peremptory instruction. 91 Ark. 337; 101 *Id.* 22. The court was misled by 93 Ark. 383, as there is no similarity between that case and this. The evidence offered to vary the written receipt was clearly incompetent.

The judgment should be reversed.

*C. L. Daniel* and *T. J. Crowder,* for appellees.

1. The receipt is conclusive and oral testimony was not necessary or even competent. 93 Ark. 383. There is no testimony to show fraud or mistake. The receipt was not a new contract, but only evidence of the contract previously made.

2. On the whole the judgment was correct and should be affirmed.

McCULLOCH, C. J. Appellant's assignor, the Marx-Gaunt Co. was a creditor of one J. M. Hawks and appellant instituted this action against W. D. Polk, C. E. Skinner and the Bank of Corning (also including said J. M. Hawks as a defendant) to recover the amount of said indebtedness which it was alleged the other defendants, as a part of the consideration for the purchase of a stock of merchandise from Hawks, agreed to pay. Hawks was engaged in the mercantile business at Corning, Arkansas, and in the early part of the year 1913, sold the business either to Polk or to Skinner or to the Bank of Corning, there being some conflict in the testimony as to which of said parties was the real purchaser. It is alleged in the complaint that the sale was to Polk and that the latter agreed with Hawks, as a part of the purchase price, to pay off all of Hawks' indebtedness pertaining to the business, including the debt to appellant's

assignor. Each of the defendants named above, except Hawks, filed an answer denying that there was any agreement to pay the debt of Hawks.

(1) There was a trial before a jury and appellant attempted to prove by Hawks that the sale of the business was to W. D. Polk, and that the latter agreed, as a part of the consideration, to pay his other indebtedness pertaining to the business, including the debt to Marx-Gaunt Company, and that testimony was sufficient to warrant a finding to that effect. On the cross-examination of Hawks, the defendants proved that he had signed a certain receipt to C. E. Skinner, which was introduced in evidence as follows:

"Corning, Arkansas, March 31, 1913.

Received this date of C. E. Skinner, twelve thousand, two hundred fifty-eight and 86/100 dollars in full payment of my interest in the J. M. Hawks stock of merchandise, now known as J. M. Hawks & Co.

"The above payment has been applied as follows: Two thousand, six hundred twenty-one and 50/100 dollars paid to bank of Corning to take up my three notes for the W. F. Barnes stock of merchandise, the receipt of which notes cancelled is hereby acknowledged, and nine thousand, six hundred thirty-seven and 36/100 dollars paid to the Bank of Corning to the credit of my account.

"(Signed)   J. M. Hawks."

The defendants introduced no testimony, but upon their motion the court peremptorily instructed a verdict in favor of the defendants on the ground that the receipt constituted a written contract, which was the sole evidence of the agreement between the parties, and that it could not be contradicted by oral testimony.

Counsel for the defendants rely upon the case of *Cache Valley Lumber Co.* v. *Culver Co.,* 93 Ark. 383, as sustaining the trial court's ruling, but we are of the opinion that the doctrine of that case does not apply to the facts of the present one. In that case there was a written assignment and release executed by the Culver Company to the Cache Valley Lumber Company, covering "all

rights, choses in action, credits and demands" of the assignor against the assignee, and this court decided that oral testimony was not admissible to establish the fact that there was an agreement to omit from the contract a certain demand. In other words, the release in that case was held to be a contract, the terms of which could not be contradicted by oral testimony, and we entertain no doubt now of the correctness of that decision. In the present case the instrument relied on is nothing more than a receipt for the alleged consideration for the purchase of the stock of goods. It does not constitute the sole evidence of the contract between the parties as to the transaction which formed the basis of the consideration for which the money was paid. The receipt was, in other words, only *prima facie* evidence of its recitals and could be contradicted by other testimony. *Greer* v. *Laws,* 56 Ark. 37; *J. H. Magill Lumber Co.* v. *Lane-White Lumber Co.,* 90 Ark. 426.

(2) Hawks testified that the receipt was executed a considerable length of time after he had made the sale of the stock of goods and business to Polk, and that he merely signed it at the request of Polk, as communicated to him by Skinner. If it be true, as alleged in the complaint and testified to by Hawks, that Polk purchased the property and agreed as a part of the consideration to pay certain debts, a subsequent receipt signed by Hawks, and reciting that the amount named therein was in full payment of the price of the stock, would not release Polk from the obligation of his contract. If he entered into the contract to pay other debts of Hawks, he is liable under the doctrine announced by this court in *Hecht & Imboden* v. *Caughron,* 46 Ark. 132.

(3) We are of the opinion that there was sufficient evidence to warrant a submission of the issue to the jury, insofar as concerns the alleged liability of W. D. Polk. There is no evidence tending to show that an agreement to pay the debts was made either by the Bank of Corning or by Skinner, and no error was, therefore, committed as to them.

No question has been raised as to the failure of appellant to make its assignor a party to the action (the cause of action being assignable under the statute). Kirby's Digest, section 509; *St. L., I. M. & S. Ry. Co.* v. *Camden Bank,* 47 Ark. 541.

The judgment is reversed as to W. D. Polk and the cause remanded for a new trial.