Charles H. Cohen, J.
Plaintiff, a real estate broker, sues defendant for the sum of $200, claiming this sum pursuant to an agreement whereby defendant agreed to pay plaintiff a fee equal to one month’s rent if defendant rented an apartment through facilities furnished him by plaintiff. In addition to a general denial, defendant interposes defenses of payment, fraud, and “non-licensing and/or improperly licensing of plaintiff and/or its salesmen”, and asserts a counterclaim for $550 for moneys paid and “ improperly retained.”
Defendant came to plaintiff’s 'office on October 28, 1971 seeking to rent an apartment. He dealt with someone who, while she held a real estate salesman’s license in the name of “ Corrine L. Schettini ” used the name “ Corrine Tini ”. (This individual will sometimes hereinafter be called “Corrine”.) Corrine subsequently found defendant an apartment which was acceptable to him at a rental of $225 per month. On November 10, 1971, defendant signed an agreement with the landlord of that apartment for a month-to-month tenancy commencing December 15,1971. Defendant paid a total sum of $450 to plaintiff, of which $225, representing rent for one month, was paid to the landlord and the balance of $225 retained by plaintiff as its fee. About three weeks later, defendant came to plaintiff’s office and advised Corrine that he decided not to take that apartment. The court finds that defendant simply changed his mind about that .apartment and wanted another apartment. Corrine stated that if another apartment were found for him, he would have to pay another fee. Defendant agreed. Thereafter, Corrine found defendant another apartment which was rented to defendant pursuant to a one-year lease commencing January 1, 1972 at a monthly rental of $200. It is the $200 fee in connection with the rental of this apartment which plaintiff is seeking to recover.
*661 The defense of payment is without substance, this fee of $200 not having been paid. The receipts introduced in evidence by defendant do not show payment. One, dated December 21, 1971 in the amount of $25, merely represented a deposit for the second apartment which deposit was turned over to the landlord. In addition, there was a receipt dated November 10, 1971 in the amount of $100 and another dated November 18, 1971 in the amount of $450. When Corrine tried to explain that the receipt in the amount of $450 represented the total amount paid over in connection with the first apartment and included the $100 previously paid, defendant’s counsel strenuously objected, declaring that such testimony would violate the parol evidence rule. The court admitted this testimony since the parol evidence rule does not bar evidence to explain a receipt which, it may be observed, is not a contract the terms of which plaintiff was trying to vary. (Seeley v. Osborne, 220 N. Y. 416, 421; Komp v. Raymond, 175 N. Y. 102, 108; Klein v. Metropolitan Life Ins. Co., 255 App. Div. 335.) (Subsequently, defendant admitted that he only paid $450, and not $550, in connection with the first apartment and at the end of the case defendant reduced his counterclaim to $450.)
An interesting question — and one which apparently has not been decided in any reported case — is posed by the defense based upon section 442-d of the Beal Property Law that the salesman, licensed in the name of “ Schettini,” used the name “ Tini.” That section states: “No person, copartnership or corporation shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered, in any place in which this article is applicable, in the buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose.”
It is unquestioned that the plaintiff, Manor Homes, Inc., was duly licensed. Beading this statute literally, and noting that it has been decided that this statute is to be strictly construed (Reiter v. Greenberg, 21 N Y 2d 388, 391; Myer v. Jova Brick Works, 38 A D 2d 615; Copellman v. Rabinowitz, 208 Misc. 274), one might even have argued initially that the fact that plaintiff was licensed was sufficient regardless of whether the salesman was. However, it has been decided that the salesman handling the transaction must also be licensed in order to support a recovery by the broker (Meyers v. Suffin, 203 N. Y. S. 103), and the court will proceed on that basis.
*662 It is difficult to see how the use by this licensed real estate salesman of a name different from that under which she is licensed, bars a recovery. Aside from the fact that the real estate broker, which is bringing the action, was licensed, the salesman was also actually licensed. As pointed out in Galbreath-Ruffin Corp. v. 40th and 3rd Corp. (19 N Y 2d 354, 366), the purpose of requiring licensing with respect to real estate brokers — and presumably, with respect to real estate salesmen, a,s well — is for the “ protection of the public against injury at the hands of incompetent or untrustworthy brokers.” As long as .Corrine L. Schettini was licensed, the public had the protection to which it was entitled regardless of whether she used the name Schettini or the simpler name, Tini.
Of course, if the name Tini were being used for a fraudulent purpose, this might bar a recovery. However, there was no showing whatsoever that this name was used for any fraudulent purpose and the court finds that no fraud was committed by or on behalf of plaintiff. Under the common law — which continues in effect despite the statutory provision providing for a change of name (Civil Rights Law, art. 6) —one may use any name in the absence of fraud. (Smith v. United States Cas. Co., 197 N. Y. 420; Matter of Cohen, 142 Misc. 852; Lana v. Brennan, 124 N. Y. S. 2d 136, 137; Matter of Anonymous, 57 Misc 2d 813, 814.)
Keeping in mind the fact that section 442-d of the Real Property Law which is to be strictly construed (Reiter v. Greenberg, 21 N Y 2d 388, 391, supra; Meyer v. Jova Brick Works, 38 A D 2d 615, supra; Copellman v. Rabinowitz, 208 Misc. 274, supra), makes no provision regarding the name the licensed person must use in order to recover, that the public actually had the protection to which it was entitled, and that no fraud was committed, the court finds that this defense is insufficient.
The court notes the argument of defendant, based upon the Opinions of the Attorney-General of New York (1930, p. 215), to the effect that it is for the Secretary of State to determine whether a real estate salesman may do business under an assumed name by issuing, if he deems it proper, a license in that assumed name. However, as pointed out in Galbreath-Ruffin Corp. v. 40th and 3rd Corp. (19 N Y 2d 354, 365-366, Supra), it .is for the courts, not the Department of State, to determine, as a matter of judicial policy, whether the broker (or salesman), once licensed, has acted in compliance with this statute and whether a claimed real estate commission may be recovered.
*663 It is directed that judgment he entered, on plaintiff’s complaint, in favor of plaintiff against defendant for the sum of $200 with interest from January 21, 1972. Further, since plaintiff properly retained and accounted for the sum of $450 received from defendant, it is directed that judgment be entered in favor of plaintiff against defendant on defendant’s counterclaim.