### BLEAKLEY *vs.* WHITE.

Where the complainant was sued for false imprisonment for an act done by him, in the discharge of his duty as a police officer in the city of New-York, and afterwards recovered a judgment for costs against the plaintiff in that suit, which costs were subsequently paid to the complainant, by the corporation of the city, as a gratuity; *Held*, that such payment was no bar to a suit, by a creditor's bill in this court, to recover the costs out of the property of the plaintiff in the original suit.

Payment by a stranger, between whom and the defendant there is no privity, cannot be pleaded by the latter in bar of a suit for his own debt.

October 21.     THIS case came before the court upon the defendant's plea to a creditor's bill. It appeared from the plea that the present defendant sued the complainant as captain of one of the watch districts in the city of New-York, for false imprisonment. That he failed in his suit, and judgment was given against him for $238,18 costs. A fi. fa. upon the judgment having been returned unsatisfied, the complainant petitioned the corporation for remuneration for his expenses, and he was allowed the amount of taxed costs and his counsel fees, but without interest. The payment thus made by the corporation was pleaded in bar of the present suit.

*W. Silliman,* for the complainant. The plea is double, therefore bad. 1. It alleges payment by a third person; 2. It alleges an assignment to a third person of a part of

the judgment ; 3. It alleges that no execution has been issued since the assignment ; 4. It alleges that the suit is prosecuted without the authority of the assignee. A double plea can only be plead by leave of the court. (*Gibson* v. *Whithead*, 4 *Mad. Rep.* 241. *Mit.* 295.) Payment of a judgment by a third person, having no agency, for a connection with the defendant, is not a good plea, either in law or equity. Payment of part of a judgment by a third person does not necessarily operate as an equitable assignment of the judgment, or of part of the same. If it does, the party having the legal interest may sustain the suit, and account to the cestui que trust. The facts set forth shew that the payment was a mere gratuity to the plaintiff, and not intended to extinguish any claim of his against the defendant.

*A. Tabor*, for the defendant. The taxed bill of costs in an action of tort does not draw interest, and the full amount of the judgment for costs having been paid by the corporation of N. York to the complainant, the demand is satisfied as to him. 1. Costs are given by the legislature by way of penalty, not to be increased by the addition of interest ; 2. The complainant could not collect interest by an execution on the judgment, and for which execution this proceeding is a substitute. (2 *R. S.* 364, § 9 ;) 3. And at common law no interest was recoverable ; cases cited 5 *Cowen's Rep.* 608, 9. All that was due to the complainant on the judgment having been paid to him, at his request, the corporation of New-York, if any one, and not the defendant, had a right to sue in this court. If the judgment for costs did draw interest, the complainant could recover it only to the time of payment to him of the principal. His claim, therefore, in this suit, is in any event less than $100 ; which is a statute bar to his action in this court. (2 *R. S.* 173, § 37. *Smets* v. *Williams*, 4 *Paige's Rep.* 364.) The corporation of New-York, to whom the whole principal, at least, of the judgment equitably belonged, ought to have been made parties to the suit ; and the neglect to make them parties the defendant may avail himself of by plea. (2 *Paige's Rep.* 280. *Id.* 278. Cases cited, *Edwards on Parties*, 2, 3, &c. *Mitford's Pl.* 286.)

THE CHANCELLOR.  The plea of the defendant is clearly bad.  It is evident from the facts stated in the plea that the corporation did not make this payment for the benefit of the defendant, but as a gratuity to its officer for the loss he was supposed to have sustained in consequence of an act done in the discharge of his duty.  The payment of this amount, without any agreement, either express or implied, that the judgment was to be assigned to, or holden for the benefit of the corporation, gave the corporation no equitable claim upon the defendant; though they may have a claim upon the complainant for the repayment of the money, if he is successful in collecting it from the one who in justice ought to pay.  A satisfaction by a stranger cannot, even at law, be pleaded in bar of a debt or covenant which the defendant was legally bound to pay, or perform himself.  (*Edgcumbe* v. *Roe*, 1 *Smith's Rep.* 515.  *Clow* v. *Borst*, 6 *John. Rep.* 37.)  And certainly it ought not to avail the defendant in the present case, where there is not even a pretence of equity in the defence set up.  The plea must therefore be overruled with costs.  And the defendant must pay those costs, and put in his answer within twenty days.