Comstock, J.
The questions whether the plaintiff warra rted the soundness of the goods, and whether the warranty was broken, have been determined in the defendants’ favor by the verdict of the jury. There is no bill of exceptions or appeal on the part of the plaintiff, and therefore the only inquiries now to be considered are those which relate to the defendants’ right to recoup the damages, and to the measure of such damages.
It is at least doubtful whether, in any case, a purchaser of goods has a right to rescind the sale and return the goods on account of the breach of the warranty, where there is no fraud and no agreement that they shall or may be returned. In this state the doctrine has been laid down in two well considered cases that no such right exists. (Voorhees v. Earl, 2 Hill, 288; Cary v. Gruman, 4 id., 625.) Those were not cases *602 of implied warranty arising from a sale by sample, but no distinction in this respect between such a warranty and any other was suggested. The distinction has been recognized, ho .vever, in two or three English cases, and perhaps it can be maintained. (Street v. Blay, 2 Barn. & Adolph., 463, per Lord Tenterden; Cook v. Riddelien, 1 Cress. & R., 561; Saunders v. Jameson, 2 id., 557.) If the right exists in such a case, and the purchaser intends to exercise it, there is no doubt that he must take his ground and act without unreasonable delay.
But whether the right to rescind and return the goods may or may not exist in the special case of a sale by sample, it is well settled that the purchaser is not bound to exercise it. He may, in all cases, unless he has specially agreed otherwise, affirm the sale and bring his action for damages on the warranty. So, in an action against him for the price of the goods, he has the same right by way of recoupment; and such is the theory of the defence in the present case. The defendants do not disaffirm the contract, but propose to enforce it by claiming damages for its non-performance; and where the action or defence proceeds upon such a ground the claim is not barred by the continued possession of the goods, by circumstances of delay in giving notice to the vendor, nor even by omitting altogether to give such notice and using or selling the property. (Waring v. Mason, 18 Wend., 425; Boorman v. Johnson, 12 id., 566; Parker v. Palmer, 4 Barn. & Ald., 387; Kellogg v. Denslow, 14 Conn., 511; 2 Par. on Con., 474, and note; Chit. on Con., 458, and notes.) The omission of the purchaser to give notice or to make complaint, and the manner in which he deals with the goods, may furnish strong presumptions against him upon the question whether the warranty is in fact broken, and in regard to the amount of the injury he has sustained. But this is a very different thing from saying that the law absolutely deprives him of relief.
*603 It follows, from these views, that the judgment in this case cannot be sustained upon the grounds on which it was finally pronounced in the superior court. I have looked at the cases referred to in the opinion delivered on giving the judgment, as well as those cited on the argument here, but do not find that any of them sustain the doctrine laid down. Some of them arose upon executory contracts of sale. In others it was held there was no warranty; and in none of them does this particular question appear to have been examined.
The question then is whether there were any errors in the charge given to the jury on the subject of the damages, and we are of opinion that there were. In the first place, if I correctly interpret the charge, the jury were in effect instructed to disregard the evidence of the witnesses Chambers, and Peck, so far as it was intended to prove that the lawns in all the bales purchased by the defendants were unsound. This, direction wTas given upon the ground that they had examined only part of the bales, while the evidence of another witness tended directly to prove that eleven other bales, contained in the same imported invoice, were sound. When it is considered that the whole twenty-five bales were supposed to be alike, and that they came from the same correspondent abroad, were imported together and equally exposed to injury, it seems to me to place the witnesses in conflict with one another, presenting a question of credibility proper for the j ury to determine. If the j ury should believe the facts testified to by the witnesses Chambers and Peck, I cannot see that any rule in law would be violated by leaving them to infer, if they pleased so to do, that all the lawns purchased by the defendants were unsound to the same extent as those particularly examined. I do not say that the inference would be a very strong one, or that it might not be overcome by what was considered more direct evidence on the other side; but I think the whole question *604 was for the jury, and that the charge went too far in substantially withdrawing it from them.
The jury were instructed that the defendants were not entitled to any allowance on that part of the goods which they sold as sound, unless they proved that “ reclamations ” had been made upon them by the purchasers. In considering this part of the charge it should be observed that there is no evidence that the defendants sold any of the goods with warranty; and as they were selling at private sale for several weeks in ignorance of the defect, of course they could not be charged with any fraud. In respect to these sales, therefore, not only had no claims been made upon them by purchasers, but none could be made. They were not liable. The instruction referred to, which stands in the case unconnected with anything to qualify it, presents then the question whether the purchaser of an unsound article, with a warranty express or implied, who sells it again for a sound price, in ignorance of the defect can recover a compensation from his vendor, where no claim has been made upon him by his vendee, and where he is not liable to any such claim,, It should be added, the question is not whether nominal damage can be recovered on the technical breach of the contract, which I presume the learned judge did not pretend to deny, but whether compensation according to.the usual measure'in such cases can be claimed. There is certainly plausibility in denying the right to compensation upon such a state of facts, but we are of opinion that sound principle and the fair result of authority will lead to a different conclusion,
In the case of Cary v. Gruman (4 Hill, 625), Mr. Justice Cowen observed: “ A warranty on the sale of a chattel is in legal effect a promise that the subject of sale corresponds with the warranty in title, soundness or other quality to which it relates. It naturally follows that if the subject prove defective within the meaning of the warranty, the stipulation can be satisfied in no other way than by making *605 it good. That cannot be done except by paying to the vendee such sum as, together with the cash value of the defective article, shall amount to what it would have been worth if the defect had not existed.” In accordance with the doctrine here laid down the rule of compensation is how well settled, and this compensation, it should be added, is due immediately. I mean it is due immediately where the warranty relates to the soundness or quality of the article sold. The promise is not one of indemnity against loss on a resale of the thing warranted by the purchaser. The promise is broken as soon as made, although the defect may not then be known, and its effect is to subject the vendor at once to a legal liability to make good in money the difference between the article as sound and its actual value. This liability stands upon the same footing as any other pecuniary obligation or debt, and I do not see how, upon principle, it is impaired in the manner supposed by the price or circumstances attending a sale by the vendee to another person. It may be that the vendee with warranty will profit by the rule in a case where the purchaser from him cannot or does not claim redress, but it does not follow that the rule is unjust to the vendor. He is required simply to make good his own contract, and I do not see how he can discharge that obligation by inquiring into relations between other parties.
If a third person, without the authority of the plaintiff, and not in privity with him, had paid to the defendants, in money, a full satisfaction for the breach of the warranty in question, it is well settled that such a payment and satisfaction would have been no defence to a suit on the warranty and no answer to the defendant’s right of recoupment. In Clow v. Borst (6 John., 37), which was an action on a covenant to pay money, it was held to be no defence that the plaintiff had accepted a full satisfaction from a third pe'rson. So in Bleakley v. White (4 Paige, 654), which was a creditor’s bill founded on a judgment, a plea that the judgment *606 had been paid by the corporation of the city of New-York as a gratuity to the complainant, a police officer, who had obtained the judgment for costs in an action against him ior false imprisonment, was held by the court of chancery to be bad. These cases go upon the principle that satisfaction from a stranger amounts to nothing. A party tvho has covenanted or'promised must perform the engagement himself, in all its legal consequences, and I am unable to see why the rule is not applicable to the case of a warranty on the sale of goods. We have seen that by the terms and effect of the contract, compensation is due immediately, according to the measure which the law has fixed, and I believe there is no principle or authority for saying that the vendor may repel the obligation by showing that his vendee has received an indemnity in his dealing with other persons.
It remains only to notice the connected propositions laid' down at the tidal, that the only evidence of the actual value of the goods which the jury had a right to consider was the prices which they brought; that the defendants were bound to give that evidence, and having failed to do so, that they were not entitled to compensation, except on the goods sold at auction, of which the account of sales had been produced. The principle distinctly embraced in these propositions is, that damages cannot be recovered upon a warranty of goods where the vendee has sold them, unless he shows the prices which he has obtained, and if those are shown, then the measure of damages is the difference between such prices and those which might have been obtained if the goods were sound.
It has been already stated that the measure of damages on a breach of warranty in the sale of goods is the. difference between the value of the goods if they had corresponded with the warranty and their actual value. This rule rests upon a sound principle, and it must be regarded as settled by the two carefully considered cases of Voorhees v. Earl (2 Hill, 288) and Cary v. Gruman (4 id., 625). I think it must follow that the doctrine laid down in the charge was *607 erroneous in all its applications to the case. In respect to the goods sold at auction as unsound, no injustice in the particular case might result. There is no reason to suppose that the prices brought were not a fair test of the actual value, and the jury might well have followed it as the best which the evidence afforded; But the auction sale cannot be considered as made on account of the plaintiff. He had nothing to do with the proceeding, and the defendants adopted that mode of disposing of the remaining goods on their own account. They had given notice that they should insist upon a deduction of the difference in value as ascertained by the appraisal which they had procured to be made, and should dispose of the goods in their own discretion, thus repelling the idea that they would sell them at auction for account of their vendor. While, therefore, the sale was very high evidence of value, the law does not say it was the only evidence. The parties, I presume, might agree that the goods should be sold at auction, as a mode of arriving at the actual value; and I think the vendee might, of his own motion, adopt that course, after proper notice to the vendor In such a case there is no reason why both parties should not be bound by the result, unless the fairness of the sale could be impeached. This would be,' not- a different rule of damages from the one which has been stated, but one of its applications merely.
The principle enunciated in the charge is more plainly erroneous in respect to the goods which were disposed of at private sale in the ordinary course of the defendants’ business. So far as these sales were made before the defect was' discovered, they would not even be evidence of the actual value, much less conclusive. So far as they were made after the discovery they would furnish as against the defendants a presumption entitled to great consideration, but it would' not conclude either party. The rule of damages, as it is now settled, rests upon a comparison of value, and not, of the prices at which the article is bought and then sold *608 again. The cases which establish the rule admit, as I certainly do, that the price agreed upon on a sale of goods with warranty is strong, and in the absence of other proof, controlling evidence of their value estimated as sound. The price, however, comes in aid of the rule, but does not furnish it. So the price which a purchaser obtains on a resale is evidence against him of the actual value, if on such resale the defects are known, and of the sound value of similar goods if the defects are not known. But the evidence, which may be entirely proper under the rule, must not be confounded with the rule itself. The precise compensation, if any, to which the defendants were entitled, was the difference between the value of the goods if they had corresponded with the warranty and their actual value. This difference might be ascertained in any competent mode. The charge, given to the jury, excluded all modes except one, and that was a consideration of the prices for which the defendants sold the goods; whether they were sold as sound or unsound; and as these prices were not shown the jury were told to allow no compensation at all. The defendants certainly produced some other evidence of the extent to which the alleged unsoundness affected the value of the property. I give no opinion on the strength of this evidence, but the jury were entitled to consider it. The charge, in withdrawing it from them, was erroneous.
The judgment should be reversed and a new trial granted.
Hubbard, J.
It must be assumed upon the evidence that the contract for the sale of the lawns was not executory in its character. The bales in the United States bonded warehouse are designated by numbers in the bill of sale which was made out at the time, and they were immediately thereafter delivered. Nothing remained to be done in future to complete the contract of sale. The title to the goods passed in <presenti, the same as though the bales had been in the plaintiff’s store and within view at the time of the sale, *609 and it was understood that the plaintiff should transport them to the defendants’ store. The case is therefore one of an executed contract, so far as the questions arising on this appeal are concerned.
There was no claim on the trial or argument that the plaintiff was chargeable with a fraudulent sale in any respect. The defence of recoupment rests solely upon the breach of the alleged warranty. If there was a warranty in fact the defendants were entitled to a reduction by way of damages, and perhaps a larger amount than was awarded to them by the jury.
The verdict established the fact of a warranty, and assuming that as the basis of an assessment of damages, the measure which the defendants were entitled to recoup is the difference between the value of the goods in their damaged condition, and what they would have been worth had they answered the terms of the warranty. (Voorhees v. Earl, 2 Hill, 288; Cary v. Gruman, 4 id., 625.) This familiar rule on the sale of chattels was plainly' recognized by the learned judge before whom the cause was tried, but in his specific instructions to the jury I think he so far qualified or modified it as to destroy its practical application to the case. Before the- commencement of this suit the defendants had sold all the goods at private and auction sale. As to those sold at private sale, the judge charged the jury that the defendants could not recover any damages because they had given no proof of any reclamations having been made by purchasers, or the prices at which the sales were made. As to the goods sold at auction, the recoupment was limited to the difference between the market value of sound lawns and the sale prices.
The charge to the jury, in reference to the goods disposed of at private sale, I think was erroneous. The right to damages for a breach of a contract of warranty does not depend at all upon the circumstance of reclamations, and» no presumption can arise, in the absence of proof, that the *610 goods were sold for the market price of a sound commodity, without any liability to respond in damages. As a criterion of value, it is quite doubtful whether the plaintiff in this' case should have been permitted to prove the prices at which the defendants disposed of the goods at private sale. Such proof could only be admissible, I think, on the part of the defendants, and then not conclusive in its character. Under the charge, all the evidence in the case, in regard to that portion of the goods, on the subject of damages, was excluded from "the consideration of the jury, thus depriving the defendants of the benefit of the settled rule of damages for the breach of warranty above stated.
The superior court, without passing upon the question of damages, affirmed the judgment of the special term on the ground of waiver, deciding that the acceptance and retainer of the goods, after a reasonable time for inspection had elapsed, without return or notice, was a legal bar to the defence of recoupment.. I am not aware of any established principle of law to sustain this decision. In the' case of a breach of warranty on the sale of chattels, there is no obli-. gation on the part of the purchaser to return or offer to return the articles as a condition of recovery of damages. (2 Hill, 291; 2 Barn. & Adolph., 456.) The purchaser may recoup, his damages, in an action for the price, or he may bring his action upon the contract directly, and where there is no fraud, and' the contract of sale is executed by ipassing the title in presentí, the vendee has. no legal right to rescind the sale ex parte and return the article. His only • remedy is for the breach of the warranty.
"The rule is different where the contract of the sale is executory, the title to the article to take effect in futuro, as where the thing is not present at the time; where there is, no opportunity for inspection, and where a future delivery and acceptance to complete the contract is contemplated by the parties. In such a «base, the rule caveat emptor has no *611 application. The contract in this case was fully executed, and the title to the property passéd when it was made.
A new trial in this case must be granted, on the ground of the error of the judge who tried the cause in regard to the question of damages.
All the judges, except Selden, J., who did not hear the argument and took no part, concurred in reversing the judgment and ordering a new trial.
Judgment accordingly.