MAX DANZIGER, as Committee, etc., Appellant, *v.* MARY IRENE HOYT, Respondent.

When a physician, having a claim for professional services, accepts a sum paid to him in full satisfaction thereof, and gives a receipt to that effect, he is not, in the absence of fraud or mistake, entitled to recover more upon evidence that the services were, in fact, worth more than the sum received.

The payment is effectual, although made by one acting for the patient, but who had no authority at the time to make it.

If subsequent ratification is essential, the fact that the patient asserts the payment and seeks to avail himself of the receipt as a defense in an action to recover for the services is sufficient.

Reported below, 46 Hun, 276.

(Argued March 11, 1890; decided April 15, 1890.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made the first Monday of June, 1887, which reversed a judgment in favor of plaintiff entered upon the report of a referee, and granted a new trial.

The action was brought to recover for professional and other services alleged to have been performed by Rudolph Tauszky, at the request and in behalf of the defendant, and for money expended for her. The defendant, by her answer, admitted that he performed certain professional services at her request, and denied that they were of the value alleged in the complaint. She also denied that he performed any other services or expended money at her request, as there alleged, and she averred payment to him for all services performed and money expended by him at her request. Tauszky was a physician, and the plaintiff was appointed as committee of his person and estate. The referee directed judgment against the defendant for $6,500 and interest.

Further facts are stated in the opinion.

*Lewis Sanders* for appellant. The trial having been before a referee, it must be presumed that the judgment was not reversed or a new trial granted upon a question of fact, the

contrary not appearing in the body of the order appealed from. (Code, § 1338; *Devlin* v. *Mayor, etc.,* 50 How. Pr. 5; *Smith* v. *Pettee,* 70 N. Y. 18; *Stewart* v. *Morss,* 79 id. 629; *Lewis* v. *Barton,* 106 id. 73.) A receipt to Mrs. Hoyt is not one to defendant. A receipt in full is not payment in full. (*Claflin* v. *Osborn,* 54 N. Y. 586.)

*Frank J. Dupignac* for respondent. Upon appeal to the Court of Appeals from an order granting a new trial, respondent may sustain the order upon showing any legal error appearing upon the record, whether or not considered by the court below, and if such error is shown, the order will be affirmed and judgment absolute will be given against the appellant. (*Mackey* v. *Lewis,* 73 N. Y. 382; *Crakler* v. *Thaule,* id. 608; *Simar* v. *Canaday,* 53 id. 298; *Cart* v. *Hatfield,* 46 id. 533.) In the absence of fraud or mistake, a receipt in full, especially of an unliquidated claim, is conclusive as a discharge of the indebtedness (2 Phillips on Ev. 547; *Almer* v. *George,* 1 Camp. 392; *Benson* v. *Bennett,* id. 394; *Embrie* v. *Gilbert,* 1 Wright, 764; *Holbrook* v. *Blodgett,* 5 Vt. 520; *Giddings* v. *Munson,* 4 id. 308; *Patterson* v. *Ackerson,* 1 Ed. Ch. 101; *Ryan* v. *Ward,* 48 N. Y. 206; *Coon* v. *Knap,* 8 id. 402; *Kellogg* v. *Richards,* 14 Wend. 116; *Boyd* v. *Hitchcock,* 20 Johns. 76; *Le Page* v. *McCrea,* 1 Wend. 164; *Bogart* v. *Van Velsor,* 4 Ed. Ch. 719, 755; 10 Vt. 491; 2 Dw. 247; 2 N. H. 85; *Briston* v. *Eastman,* 1 Esp. 173; 2 Strob. 203; *Cutter* v. *Mayor, etc.,* 12 Wkly. Dig. 296; *Sessius* v. *Gilbert,* Bray. 75; *Houston* v. *Shindler,* 11 Barb. 36; *Jason* v. *Capron,* 64 id. 598; Coxe, 48; 2 Brev. 223; 4 H. & McH. 219; *Thomas* v. *Austin,* 4 Barb. 265; 2 Harr. 392; *Riley* v. *White,* 6 Leg. Obs. 273; *Dibbin* v. *Morris* 2 C. & P. 44; *McDougall* v. *Cooper,* 31 N. Y. 498; *Foersch* v. *Blackwell,* 14 Barb. 607; *Thomas* v. *McDaniel,* 14 Johns. 185; *Storey* v. *Rourke,* 4 E. D. Smith, 524; *Fuller* v. *Crittenden,* 9 Com. 401.) The effect of the receipt as an admission binding upon the plaintiff is conclusive. (*Ryan* v. *Ward,* 48 N. Y. 206; 1 Greenl. on Ev. § 169; *Wright* v.

*Wright,* 4 Redf. 385 ; *Steven* v. *Vrooman,* 16 N. Y. 384 ;
*Bealls* v. *Lyons,* 14 Wkly. Dig. 368 ; *Williams* v. *Davis,* 16 id
390 ; *Wotherspoon* v. *Wotherspoon,* 17 J. & S. 152 ; *Ferguson*
v. *Hubbell,* 97 N. Y. 507 ; *People* v. *Montgomery,* 13 Abb.
Pr. [N. S.] 223 ; *Kennedy* v. *Selleck,* 21 Wkly. Dig. 72 ; *Sar
vant* v. *Hesdra,* 5 Redf. 47 ; *Dewitt* v. *Bailey,* 17 N. Y. 340 ;
*Bristed* v. *Weeks,* 5 Redf. 529 ; *Payne* v. *Hodge,* 7 Hun, 614.)
The referee erred in refusing to find as requested, the value
of the medical services rendered to the defendant from
October 4, 1884, to the 1st of January, 1885.   (Code Civ.
Pro. § 673 ; *Jones* v. *Corning,* 82 N. Y. 449 ; *In re Hicks,* 14
N. Y. S. R. 320.)   The referee erred in failing to credit the
respondent with the payment to Dr. Tauszky by Mrs. Hoyt on
October 4, 1884, of the sum of $2,500 on account of services
rendered in the Hoyt contested will case.   (*Smith* v. *Egginton,*
10 Exch. 844 ; *A. D. Co.* v. *Mayor, etc.,* 53 N. Y. 67.)   The
referee erred in excluding the release offered in evidence by
the defendant.   (*Aspinwall* v. *Sacchi,* 57 N. Y. 331.)

BRADLEY, J.   It must be assumed that the judgment was
reversed and the new trial granted by the General Term upon
questions of law only, as it does not otherwise appear by the
order appealed from, and no question of fact is here for review.
(Code, § 1338.)   The main questions arise upon the exceptions
to the conclusions of law, and to the refusal to find as requested.
The referee found that in 1883 and 1884, doctor Tauszky per-
formed, for the defendant, professional services as a physician,
also other services in the preparation and management of her
contest of the probate of the will of her father ; that for such
services performed in 1883 he rendered a bill for $8,250, and
in full settlement of it received and accepted $5,000 ; that
for such services rendered in 1884, he earned, and was entitled
to receive, for his professional services $6,000 ; and for other
services including consultations, attendance at court and prepa-
ration of case $3,000 ; that on October 4, 1884, he received
from Helen M. Hoyt $2,500, on account of services rendered
in the will contest ; and that on October 18, 1884, he received

from Helen M. Hoyt, acting in behalf of the defendant, $2,500 for medical services rendered to the defendant. The facts, so found, would seem to warrant the conclusion of the referee that the plaintiff was entitled to recover $6,500. But by reference to the evidence, it appears that when he received the $2,500 on October 18, 1884, he gave a receipt in writing of that date, subscribed by him, stating that he "Received of Mrs. H. M. Hoyt, twenty-five hundred dollars in full for medical services to 4th inst." And Mrs. H. M. Hoyt testified that the medical services, referred to in that receipt, were rendered to her daughter, the defendant. This was all the evidence there was on the subject of that payment and of the receipt of it, upon which the referee found the fact as before stated, which produced the deduction of the $2,500 so made by the referee from the amount which he found the doctor earned and was entitled to for his services performed, and expenses incurred, for the defendant in 1884. The question here arises upon the defendant's exception to the refusal of the referee to find that the doctor "was paid in full for all medical services rendered by him to the defendant up to October 4, 1884." The plaintiff's counsel contends that it does not necessarily appear that the receipt was given for medical services rendered at the defendant's request, although they may have been rendered to her, and, therefore, the services, there referred to, may have been distinct from those alleged in the complaint. To support this view, reference is made to the evidence of Mrs. Hoyt, to the effect that the defendant opposed his coming, of which the witness informed the doctor, and that she managed to have him come and see the defendant. The referee found, upon evidence to support the fact, that Mrs. Hoyt, during those years, assisted the defendant in paying her bills. And the referee, in his finding of the payment for which the receipt was given, seems to have treated it as made for the defendant, as he there states that Mrs. Hoyt was then "acting on behalf of the defendant." And this construction is not only apparently supported by the language of the finding, but it appears that such was the understanding

which the referee had of it, by the fact that he deducted the
amount of such payment from the claim of the plaintiff, as
found by him, for services performed and money expended
by the doctor for the defendant. Upon this state of facts so
verified by the referee, the payment must be treated as having
been made for the defendant, and accepted and receipt given
by the doctor on account of his claim against her. And inas-
much as her mother acted for her and such relation was
recognized by the doctor, the payment was effectual even if
unauthorized by the defendant when made. But if ratifica-
tion of the latter may be deemed essential, it appears by the
fact of her asserting payment and seeking to avail herself of
the benefit of the receipt as a defense. (*Simpson* v. *Egging-
ton*, 10 Exch. 845.) This is not a case of the payment of
only a portion of a debt of a definite or conceded amount.
If it were such, a receipt by its terms in full would be effect-
ual to discharge it *pro tanto* only. The receipt, in view of
the finding of the referee, was *prima facie* a satisfaction of
the claim of the doctor against the defendant for medical serv-
ices up to October 4, 1884. It was subject to explanation to
qualify its effect, but none was given. The fact that expert
evidence was given to the effect that his services were of a
value greater than the amount which he by his receipt appeared
to have accepted in full, was not alone effectual to overcome
the presumption which its terms furnished. The claim was
unliquidated. The value of his services depended upon
estimate, and when without fraud, or error in computation,
the doctor settled upon or adjusted the amount he was entitled
to as their value or was willing to accept in satisfaction, the
payment and receipt of it in full, were not subject to be
defeated by the mere opinions of others that his services were
of a value greater than the amount he estimated them to
have. And it must be assumed that no greater sum than
that paid and receipted was conceded to be due to the doctor
for such services. (*Palmerton* v. *Huxford*, 4 Den. 166.) It
may be added that it does not appear that no other payments
on account of the defendant for the doctor's medical services

in 1884, had been made prior to that of October eighteenth of that year. Evidence was wanting to overcome the effect, *prima facie*, of the receipt that the payment was in full for his medical services up to the time mentioned in it. (*Patterson* v. *Ackerson*, 2 Ed. Ch. 427.)

The referee erred in his refusal to find the fact as so requested.

And as this did not cover the entire claim of the plaintiff against the defendant as found by the referee, the General Term may in its discretion, have permitted a modification of the judgment, but that cannot be done on this review.

The order must, therefore, be affirmed and judgment absolute directed for the defendant.

All concur.

Judgment affirmed.