## NEW YORK & CUBA MAIL S. S. CO. v. TEXAS CO.

(Circuit Court of Appeals, Second Circuit. May 8, 1922.)

No. 292.

Payment ☞74(1)—Bill of lading marked "Freight prepaid" conclusive of payment, in absence of charge and proof of fraud or mistake.

That on delivery of goods to a vessel for carriage, freight on which was required to be prepaid, the carrier delivered a bill of lading stamped "Freight prepaid," accepting from the shipper's agent, knowing who the principal was, the agent's duebill, is evidence of payment of the freight, conclusive in the absence of charge and proof by the carrier of mistake or fraud in the transaction.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the New York & Cuba Mail Steamship Company against the Texas Company to recover balance of freight money. Decree for respondent and libelant appeals. Affirmed.

Burlingham, Veeder, Masten & Fearey, of New York City (Ray Rood Allen and William J. Dean, both of New York City, of counsel), for appellant.

Herman Block, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The appellant sues to recover a balance of freight money alleged to be due to appellant for carriage of goods from New Orleans to Matanzas, Cuba. The case is presented upon an agreed statement of facts as follows:

The appellee is engaged in refining and selling oil and does not maintain an office in the city of New Orleans. M. C. Sins & Co., Inc., are export freight brokers and forwarders, and maintain offices in New Orleans and in New York City, as does the appellant. In March, 1919,

the appellee booked, through Sins & Co., Inc., a shipment of 6,000 cases of oil from New Orleans to Matanzas by steamship Kennebec, but later the steamship Rio Grande was substituted. The ocean freight on this shipment was $3,239.78, and was required to be prepaid. On April 9, 1919, Sins & Co., Inc., sent to appellee a bill for the ocean freight amounting to $3,150, this being the estimated amount of freight, and on April 12, 1919, a check was forwarded to Sins & Co., Inc., payable to its order. Subsequently, the balance of $89.78 was paid to Sins & Co., Inc. The goods were loaded on board the ship April 14, 1919, and the appellant delivered to Sins & Co., Inc., its bill of lading stamped "Freight prepaid." This was signed by its duly authorized agent at New Orleans. In exchange for its duly prepaid bill of lading, the appellant accepted a duebill on form furnished and submitted by the appellant to Sins & Co., Inc., and signed by it, acknowledging that the corporation owed to appellant the sum specified therein, namely, $5,494.09, of which the sum of $3,239.78 applied to freight due from appellee.

In April, 1919, appellee booked through Sins & Co., Inc., a shipment of 95 barrels of oil from New Orleans to Matanzas on the steamship Honduras, owned and operated by the appellant. The freight bill on this shipment amounted to $279.58 and was required to be prepaid. On April 11, 1919, Sins & Co., Inc., sent to appellee bill for ocean freight amounting to $279.58, and on April 17, 1919, appellee paid by its check this sum to Sins & Co., Inc. The goods to be shipped were loaded on board April 24, 1919, and the appellant delivered to Sins & Co., Inc., its bill of lading stamped "Freight prepaid" and signed by its duly authorized agent at New Orleans. The appellant accepted from Sins & Co., Inc., in exchange for its prepaid bill of lading, duebill in form furnished and submitted by the appellant to Sins & Co., Inc., and signed by it, acknowledging that it owed to appellant the sum specified therein, namely, $279.58. Sins & Co., Inc., received no commissions from the appellant for securing this freight. Appellee paid fees to Sins & Co., Inc., for services performed in connection with the forwarding of these shipments, such as attending to the custom house details and such other requirements as were necessary. The amount thus found to be due has been reduced by various credits, and the appellant has been paid by Sins & Co., Inc., all excepting $1,188.47. The appellant stipulated that it sought to collect this sum from Sins & Co., Inc., but has not been able to do so because of the bankruptcy of Sins & Co., Inc., and the insufficiency of the assets to pay its creditors. It thus appears from the stipulated facts that the bill of lading recites prepayment of the freight money. There is no allegation in the libel nor was an effort made to support by proof the claim of fraud or mistake in the issuance of this prepaid bill of lading. The authority of the agent of the appellant to sign and deliver the prepaid bill of lading is admitted.

A receipt raises the presumption and is prima facie evidence of payment for that which is stated therein. A receipt acknowledging a payment or a receipt in full, unless under seal, is conclusive, except it may be attacked on the ground of fraud, ignorance, or mistake, duress, or want of consideration; but the burden of proving such allegations, in order to defeat the presumption arising from the receipt, is upon the

creditor, and the burden thus assumed must be borne by a clear and unmistakable preponderance of the evidence. Corbus v. Leonhardt, 114 Fed. 10, 51 C. C. A. 636; Danziger v. Hoyt, 120 N. Y. 190, 24 N. E. 294. Upon satisfactory proof being made that it was obtained by fraud or given under mistake, either of facts or under ignorance of the legal rights of the parties who gave it, it may be inquired into and corrected in a court of law as well as in a court of equity. If this is not done, a general presumption in favor of the written acknowledgment of the party must prevail. Under the pleadings and the stipulated facts here, no such burden has been undertaken, and the presumption arising from the prepaid bills of lading must have its prima facie effect.

While it appears that Sins & Co., Inc., was the agent of the respondent for the payment of the freight money, the agreement between the appellant and the appellee was for the freight to be prepaid. The debt was payable at the time the goods were delivered for transportation, and in payment of that debt the appellant accepted the duebill of Sins & Co., Inc., knowing who the principal was. The principal was thereby discharged, and the appellant must look to the agent Sins & Co., Inc., for payment of the duebill. This court has held that where a note of a third party is taken at the time of the creation of a debt, as upon a sale of goods, the presumption is that it was taken in payment. Atlas S. S. Co. v. Colombian Co., 102 Fed. 358, 42 C. C. A. 398. Where the agent gives his note to a third person, who has full knowledge of the principal, his acceptance generally constitutes an election to extend credit to the agent and relieves the principal from liability. Gibson v. Tobey, 46 N. Y. 637, 7 Am. Rep. 397; Shaw v. Ins. Co., 69 N. Y. 286; Hall v. Stevens, 116 N. Y. 201, 22 N. E. 374, 5 L. R. A. 802; Paige v. Stone, 51 Mass. (10 Metc.) 160, 43 Am. Dec. 420. The delivery of a prepaid bill of lading and the acceptance of the duebill of Sins & Co., Inc., at the time of the creation of the debt, we think, establishes the fact of payment of the freight moneys, in the absence of a charge and proof of mistake or fraud or misrepresentation at the time of delivery of the bill of lading and receipt.

Decree affirmed.

---

☯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes