WILMOT ENGINEERING COMPANY, Respondent, v. CHARLES N. BLANCHARD, Appellant.

Third Department, March 5, 1924.

Payment — payment of debt owed by defendant personally by note of corporation of which defendant was treasurer — note was accepted by plaintiff and retained several months — corporation became bankrupt shortly after note was given — defendant knew that corporation was insolvent when note was given — giving note was fraud upon plaintiff and did not extinguish debt — giving note would have paid debt if defendant had not had knowledge of insolvency.

A debt owed the plaintiff by the defendant, personally, was not extinguished by the giving of a note of a corporation of which the defendant was treasurer, although the plaintiff accepted the note and retained it for several months, where it appears that the corporation became bankrupt shortly after the note was given and that at the time the note was executed the defendant knew that the corporation was insolvent, for the giving of the note under such circumstances was a fraud upon the plaintiff.

It seems, that if the note had been given by the defendant without knowledge of the insolvency of the corporation, it would have extinguished the debt, for the note of the corporation was given on account of the defendant debtor and with his authority, and furthermore, it was followed by his ratification when he set up the giving of the note as a defense in his answer.

APPEAL by the defendant, Charles N. Blanchard, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 5th day of

April, 1923, upon the decision of the court, rendered after a trial before the court, a jury having been waived.

*Harry A. Yetter [Leslie J. Waite* of counsel], for the appellant.

*Stewart, Moody & Chamberlain [Charles R. Stewart* of counsel], for the respondent.

H. T. KELLOGG, J.:

The plaintiff, prior to September 9, 1920, sold merchandise to the defendant.  On the date given the plaintiff sent to the defendant a statement of account showing a balance due of $5,502.72. The defendant for a long period neglected to pay the account rendered.  Correspondence ensued in which the defendant claimed that he was entitled to deductions because the plaintiff had improperly paid compensation to the defendant's purchasing agent, and in which the plaintiff asserted the falsity of the claim thus made.  Finally, on November 14, 1921, the defendant Blanchard wrote a letter to the plaintiff to which there was subscribed by him the following: "Hartmann-Blanchard Co., Inc., C. N. Blanchard."  The defendant Blanchard was the treasurer of the Hartmann-Blanchard Company.  In this letter the writer said: " I am enclosing you herewith check for $2,500 and three months' note for balance to settle the amount of $5,502.72 which has been so long in controversy between us."  The check inclosed was made by the Hartmann-Blanchard Company whose name was signed thereto by the defendant Blanchard as its treasurer.  It was a voucher check upon the face of which there appeared the following:

" In full of account as per your statement 9/15/1920...  $5,502.72
Less three months' note dated 11/14/21.............   3,002.72
                                                     ───────────
                                                     $2,500.00 "

There appeared on the back the following: " Endorsements must be made by person or persons in whose favor this voucher check is drawn.  This voucher check is accepted in full settlement of the within account."  The check was made payable directly to the plaintiff.  Accompanying the check was a three months' note for $3,002.72, payable to the plaintiff and made by " Hartmann-Blanchard Co., Inc., C. N. Blanchard, Treas."  This signature was written by the defendant Blanchard.  The plaintiff immediately wrote the Hartmann-Blanchard Company, Inc., acknowledging the receipt of the check and note, and saying, among other things, " We thank you very much for this settlement."  The check was indorsed by the plaintiff, which cashed it and used its proceeds.  The plaintiff retained the note for several

months.    On December 23, 1921, the Hartmann-Blanchard Company, Inc., was adjudicated a bankrupt.    The plaintiff subsequently turned over the note to the referee in bankruptcy and declared itself not to be a creditor of the Hartmann-Blanchard Company, Inc. Thereafter it brought this action against the defendant Blanchard to recover the amount of the original indebtedness less the $2,500 paid.    The trial justice held that the check and note given in settlement did not extinguish the debt because they were furnished by a stranger having no privity with the plaintiff or the defendant.    Judgment was, therefore, directed in favor of the plaintiff for the amount of the original claim against the defendant, less $2,500 with interest.

It was formerly the unqualified rule in this State that the satisfaction of a debt by a person not the debtor did not extinguish the debt.    Chancellor WALWORTH, in *Bleakley* v. *White* (4 Paige, 654), stated the rule as follows: " A satisfaction by a stranger cannot, even at law, be pleaded in bar of a debt or covenant which the defendant was legally bound to pay or perform himself."    The decision in that case was based upon the decision in *Clow* v. *Borst* (6 Johns. 37) which in turn was based upon the decision in the old case of *Grymes* v. *Blofield* (1 Cro. Eliz. 541).    The *Grymes* case was later considered in *Simpson* v. *Eggington* (10 Exch. 845) wherein Baron PARKE said that a satisfaction by a third person is insufficient " *unless* it is made by the third person, as agent, for and on account of the debtor, and with his prior authority or subsequent ratification."    Afterwards, the rule in its form as modified in the *Simpson* case, and upon the authority of that case, was held in *Atlantic Dock Co.* v. *Mayor, etc.* (53 N. Y. 64) to be the rule which should prevail in this State.    FOLGER, J., in that case said: " But a payment by a stranger, between whom and the defendant there is no privity, cannot be availed of.    (*Bleakley* v. *White*, 4 Paige, 654.)    To be effectual, payment, if by a third person, must be made by him as agent for or on account of the one liable, and with the prior authority or subsequent ratification of the latter (*Simpson* v. *Eggington*, 10 Exch. 845; *Kemp* v. *Balls*, Id. 607), which was not the case here, where it was made for the benefit of the one making it, and as a purchase of the cause of action."    It had been held in the *Simpson* case that the act of a stranger in satisfying a debt might be ratified by the debtor upon the trial of an action brought against him by his creditor.    *Simpson* v. *Eggington* was followed and relied upon in *Danziger* v. *Hoyt* (120 N. Y. 190).    In that case a physician, having a claim for professional services, accepted a payment from a stranger in full satisfaction of his debt.    The stranger had no authority from the patient to make the payment.    It was held that there was sufficient ratifica-

tion when the patient, in an action by the physician, set up the payment so made as a defense.

In our case the defendant Blanchard acted in a dual character. As treasurer of the Hartmann-Blanchard Company, Inc., he wrote and signed the company's check and note. He likewise, as treasurer, wrote and signed the letter to the plaintiff asking it to receive the note and check in satisfaction of his individual debt. Blanchard forwarded the letter with its inclosures to his creditor, the plaintiff. He was the sole actor in the matter. What Blanchard did as the representative of the company was to that company's detriment. Correspondingly, it was for his own individual benefit. It is not possible to say that, because he signed the documents as treasurer, he put aside his own personality, and procured the satisfaction of his own debt without his own knowledge or his own procurement. Therefore, within the *Atlantic Dock* case and the *Simpson* case, the satisfaction was " on account of the debtor " and with his " prior authority." Moreover, Blanchard, in his answer set up the settlement made. If, therefore, it was not made " on his account " or with his " prior authority " it was followed by his " subsequent ratification " within the case of *Danziger* v. *Hoyt.* The plaintiff accepted the note and check, cashed the check and received the proceeds. The check by its terms was " in full settlement of the within account." It was accepted as such by the plaintiff. We cannot, therefore, approve of the reasoning of the trial justice in holding that a settlement was not made and that, for *that* reason, the original claim was not discharged.

The Hartmann-Blanchard Company, Inc., became a bankrupt on the petition of certain creditors of whom the defendant Blanchard was one. The petition was dated December 3, 1921, and was verified upon the same day by Charles N. Blanchard, the defendant. This was nineteen days after Blanchard sent to the defendant the note and check of the Hartmann-Blanchard Company, Inc. The petition contained the allegation that the Hartmann-Blanchard Company, Inc., was insolvent. It does not appear that its insolvency came about through some untoward happening within the nineteen days. Therefore, if it was insolvent on the 3d day of December, 1921, it was presumptively insolvent on the 14th day of November, 1921. If it was then insolvent no one knew the fact quite so well as its treasurer, the defendant Blanchard. That Blanchard, on that day, did know that the corporation was insolvent is conclusively established by the testimony of Waldemar Hartmann, the president of the corporation. He testified that the defendant, on November 1, 1921, or prior thereto, told him that the " Hartmann-Blanchard Company was insolvent." It con-

clusively appears, therefore, that when the defendant sent to the plaintiff the check and note of the Hartmann-Blanchard Company, Inc., in settlement of his personal account he knew that the corporation was insolvent and that the note was valueless, or of less value than its face. Must the settlement stand when it was thus procured?

It was held in *Markle* v. *Hatfield* (2 Johns. 455) that a payment for cattle sold of a forged bank note was a nullity. It was held in *Lightbody* v. *Ontario Bank* (11 Wend. 9) that the payment of an antecedent debt in part with the notes of a bank which, unknown to either party, had suspended payment, was to that extent a nullity. SAVAGE, Ch., J., said: " In the case of the payment of a counterfeit or forged bill, it is settled that the debtor is not discharged, and it is not perceived why the same principle should not prevail where the payment is made in the bill of a bank which has *stopped payment*. In each case the debtor parts with that which has no value, and the creditor does not receive value for his debt." In *Roberts* v. *Fisher* (43 N. Y. 159) the headnote correctly expresses the decision as follows: " The defendants being indebted to the plaintiff for goods sold, gave him the promissory note of a third person, which was received by him in full payment and discharge of the debt. The maker of the note was insolvent at the time of the transfer of the note, though this fact was unknown to the parties. Held, that it was a case of mutual mistake of fact, and that the plaintiff was entitled to recover from the defendants his original debt." PECKHAM, J., said: " Upon broad principles of justice, it would seem that a man should not be allowed to pay a debt with worthless paper, though both parties supposed it to be good." Again he said: " Had it been known to the defendants (as the proof shows it was not), the transfer of the note would have been a fraud upon the plaintiffs, and would have avoided the contract." That case was followed in *Thomas* v. *Supervisors of Westchester County* (115 N. Y. 47). We think it is conclusive upon this issue, and that the plaintiff has properly had recovery upon its original claim.

The judgment should be affirmed, with costs. The court disapproves of the finding numbered ten, and affirmatively finds that when the note and check were sent to the plaintiff the defendant had knowledge that the maker was insolvent.

Judgment unanimously affirmed, with costs.

The court disapproves of finding of fact numbered ten, and finds that when the note and check were sent to the plaintiff the defendant had knowledge that the maker was insolvent.