FRANK B. CAHN and Others, Copartners, Doing Business under the Name of FRANK B. CAHN & COMPANY, Plaintiffs, *v.* PHILIP SHULMAN, Defendant.

City Court of New York, New York County, May 28, 1935.

*Newman & Bisco* [*Henry Landau* of counsel], for the plaintiffs.

*Max Schulman* [*Louis Timberg* and *Rubin Mazel* on the brief], for the defendant.

MADIGAN, J.   This case is unlike *Roberts* v. *Fisher* (43 N. Y. 159).

Here the original debtor's obligation, that is, the obligation of this defendant, was extinguished by the contract of August, 1933, pursuant to which plaintiffs were given the notes of defendant's brother in consideration for plaintiffs extinguishing the debt owing to them from defendant. Extinguishment of such debt is established by the evidence.

Assuming that the new debtor, substituted in place of defendant by said contract, was then insolvent, assuming that plaintiffs were without notice of such insolvency, that their reliance was solvency of defendant's brother, and that, therefore, they entered into the contract of August, 1933, in ignorance of a controlling fact, and assuming that, for such reasons, plaintiffs might rescind said contract, they could not rescind it without tendering back what they received under the contract.

What they so received was not "worthless paper," to employ the expression of the opinion in *Roberts* v. *Fisher* (*supra*). Ten of the notes received by plaintiffs from defendant's brother, in consideration for extinguishing the debt due from defendant, were paid prior to the bankruptcy of defendant's brother, the maker of the notes.

By crediting defendant with the sum of the notes so paid, plaintiffs do not restore the parties, to the contract of August, 1933, to their former positions. Plaintiffs would retain the benefits which they received and reject the remainder. So far as that contract was beneficial they ratify it, at the same time, however, attempting to reject it because, in part, it was not beneficial. They would keep what they like, benefits received, and, in other respects, disregard the contract. That is not rescission.

In *Roberts* v. *Fisher* (*supra*) it was held that the plaintiff could rescind. What had been given and accepted was "worthless paper." "Both being ignorant of such a fact the plaintiff is allowed to rescind the contract." In that case there was nothing to return inasmuch as, the "paper" being "worthless," it was considered, apparently, that the plaintiff had received nothing.

The point is not discussed in *Wilmot Engineering Co.* v. *Blanchard* (208 App. Div. 218).

In any event, the evidence establishes, in the present case, that plaintiffs accepted defendant's brother as their debtor, in place of defendant, following investigation which disclosed that, regardless of what the brother's financial condition might be, he was probably the better financial risk. Defendant was earning $23 a week. His brother was earning nearly $5,000 a year, and of this plaintiffs had been informed by a credit agency which also reported that "authorities, who are in a position to know, advise that the subject's financial responsibility is very limited and, in fact, his only assets is his job;" and again that "it is quite likely that the subject declined to give any information because his financial responsibility is such as" to render it "doubtful whether he could assume" obligations in addition to "his ordinary personal requirements."

Plaintiffs took the brother "as is." They have, in fact, no grounds for rescinding the contract.

Plaintiffs' motions are denied. Judgment for defendant.