■ JOHN D. LIUM, as Executor of HANS I. LIUM, Deceased, Appellant, v WALTER PLOSKI, Respondent. — In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), entered May 5, 1980, in favor of defendant, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. After suffering a fractured ankle in an autombile accident, plaintiff's decedent, Hans Lium, was taken to Grasslands Hospital, a Westchester County institution. Mr. Lium initially was examined at the hospital by a surgical resident who subsequently called in a private orthopedic surgeon, the defendant Walter Ploski, to assist in the operation upon Mr. Lium's ankle. Although he was a private practitioner, Dr. Ploski was a member of the volunteer staff at Grasslands, where he helped the regular staff from time to time. Dr. Ploski, who became the attending physician in the case, assisted the surgical resident, who performed the ankle operation without apparent complications. After visiting the patient about an hour after the operation, Dr. Ploski left the hospital. A few hours later, Mr. Lium suffered a cardiac arrest, lapsed into a coma, and died within a few days. In the ensuing wrongful death action based on Dr. Ploski's alleged malpractice, plaintiff's expert testified that the defendant failed to give proper postoperative orders, including the failure to order the monitoring of the patient's heart. According to the expert, this failure deviated from accepted standards of medical practice and contributed to the decedent's demise. The jury decided in Dr. Ploski's favor. On appeal, plaintiff contends that the trial court erred in refusing to charge that Dr. Ploski's obligation included "giving proper instructions to the hospital staff, nurses and physicians who treat and care for the patient and to see to it that his orders * * * are carried out." Such a charge was appropriate and plaintiff's request for it should have been honored (see *Toth v Community Hosp. at Glen Cove,* 22 NY2d 255; *Pigno v Bunim,* 43 AD2d 718, affd 35 NY2d 841; 1 PJI [2d ed], at p 391). The error was particularly prejudicial since the crux of plaintiff's theory of negligence was the doctor's failure to give proper instructions. Plaintiff also maintains that it was error to permit defendant to testify that he performed his services gratuitously. Over objection, Dr. Ploski revealed that although a bill was sent in his name to the decedent's estate by the Medical Staff Association of Grasslands Hospital, when he received the check, he indorsed it to the hospital. We agree that this line of questioning was impermissible since character or reputation was not in issue (see *Brennan v Commonwealth Bank & Trust Co.,* 65 AD2d 636; Richardson, Evidence [Prince, 10th ed], § 158) and evidence of Dr. Ploski's charitable nature could only serve to prejudice the jury in his favor. The testimony was irrelevant since a physician who renders services gratuitously must exercise the same reasonable and ordinary care, skill and diligence as one who is paid a fee (see *Du Bois v Decker,* 130 NY 325; *Schmid v Werner,* 277 App Div 520, affd 303 NY 754). We see no merit in plaintiff's other contentions. While disputing the significance of the stated grounds for reversal, defendant further maintains that, regardless of what occurred at the trial, plaintiff's failure to serve a notice of claim pursuant to section 50-d of the General Municipal Law warrants dismissal of the complaint

and, therefore, affirmance. The denial of defendant's pretrial motion to amend the answer to add the section 50-d defense and for summary judgment is reviewable on this appeal (see CPLR 5501, subd [a], par 1; *Matter of Neuner v Weyant,* 63 AD2d 290). Law of the case is inapplicable because we are not bound by Special Term's determination (see *Barry v Good Samaritan Hosp.,* 86 AD2d 853; *Matter of Neuner v Weyant, supra*). Section 50-d of the General Municipal Law requires a notice of claim as a condition precedent to the commencement of a malpractice action against a physician who renders medical services to a person in a public institution "without receiving compensation from such person". We begin our analysis of this contention by noting our disagreement with Dr. Ploski's assertion that he did not receive compensation within the meaning of the statute because payment by Mr. Lium's insurance company instead of by his estate did not constitute "compensation from such person". Payment by the insurer satisfied the estate's obligation to compensate the physician and acceptance of the check from the medical insurer constituted acceptance of payment from the estate (see *Danziger v Hoyt,* 120 NY 190; *Atlantic Dock Co. v Mayor of City of New York,* 53 NY 64; *Wilmot Eng. Co. v Blanchard,* 208 App Div 218), regardless of whether Dr. Ploski indorsed the check to the hospital. Citing *Shapira v United Med. Serv.* (15 NY2d 200), Dr. Ploski argues, nevertheless, that as a physician on the volunteer staff of a public hospital he had no right to bill the decedent (or his estate) directly and thus the decedent's insurer was not legally liable to pay him. *Shapira* (*supra*) held patients of a public hospital and their medical insurers not liable for the services rendered by the visiting staff of the hospital who had been furnished by a medical school operating at the hospital. Although defendant's contention was raised for the first time on appeal and therefore does not warrant consideration (see *People v Thomas,* 50 NY2d 467; *Kolmer-Marcus, Inc. v Winer,* 32 AD2d 763, affd 26 NY2d 795), it lacks merit in any event. Regardless of whether the estate was liable, a bill for the services Dr. Ploski rendered was in fact sent in his name, no one contested the bill, and by his acceptance of the payment he received compensation for the services. Therefore, his motion to dismiss was properly denied. Accordingly, there should be a reversal and a new trial. Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.