■ ZDENKA KRAL, Respondent, v COUNTY OF WESTCHESTER et al., Appellants, et al., Defendant. — In an action to recover damages for medical malpractice, the appeal is from an order of the Supreme Court, Westchester County (Daronco, J.), dated May 3, 1982, which denied appellants' motion to dismiss the complaint as against Westchester County Medical Center and David E. Wellin, determined that David E. Wellin is not entitled to have a notice of claim served upon him, and granted plaintiff's cross motion to extend her time to serve a notice of claim against the Westchester County Medical Center. ¶ Order modified, on the law, by deleting the provisions which denied that branch of appellants' motion as sought dismissal of the action as against Westchester County Medical Center and granted the cross motion, and substituting therefor provisions granting that branch of the motion and denying the cross motion. As so modified, order affirmed, without costs or disbursements. ¶ With respect to defendant Wellin, it is well settled that the protection of section 50-d of the General Municipal Law does not extend to a physician who has been compensated for his medical services, even by a plaintiff's insurance carrier (see *Lium v Ploski,* 87 AD2d 860). ¶ It appears, however, from plaintiff's own testimony at the hearing, that the final date of treatment at the Westchester County Medical Center could not have been any later than March 8, 1979, when plaintiff entered Lenox Hill Hospital. Thereafter, she was treated by Lenox Hill physicians until April, 1980. The consultation at the medical center in April, 1980 and the X-ray examination in September, 1980 were solely at plaintiff's behest, and were not part of "continuous treatment" for purposes of tolling the Statute of Limitations (see CPLR 214-a; *McDermott v Torre,* 56 NY2d 399; *Barrella v Richmond Mem. Hosp.,* 88 AD2d 379). ¶ Hence, plaintiff's cross motion to extend her time to serve a notice of claim was made more than one year and 90 days after such limitations period on her claim began to run. As a matter of law, Special Term was not authorized to grant leave to serve a late notice of claim upon an application pursuant to section 50-e of the General Municipal Law made after the Statute of Limitations for an action against the public corporation had expired (see General Municipal Law, § 50-i, subd 1, par [c]; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 259, 263). Furthermore, the extension of time granted to serve a notice of claim may not exceed the Statute of Limitations (General Municipal Law, § 50-e, subd 5). We have considered appellants' remaining

contentions and find them to be without merit. Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.