■ LARRY PALMER et al., Respondents, v NASSAU COUNTY MEDICAL CENTER et al., Appellants, and ROGER DEE, Respondent.—In a medical malpractice action to recover damages for

personal injuries, the defendants Nassau County Medical Center and Nassau County appeal from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated March 13, 1987, as upon reargument, adhered to a prior determination of the same court (McCaffrey, J., on decision; Burke, J., on order), dated March 12, 1987, which granted the motion of the defendant Robert Dee for an order directing the defendant County of Nassau to defend and indemnify him pursuant to the provisions of General Municipal Law § 50-d (1).

Ordered that the order is reversed insofar as appealed from, with costs, and, upon reargument, the order dated March 12, 1987 is vacated, and the defendant Dee's motion is denied.

At the time of this action the defendant Dr. Dee was employed by the Medical School at Stony Brook (hereinafter the medical school). In addition, in accordance with an agreement between the medical school and the defendant Nassau County Medical Center (hereinafter the medical center) Dee was the appointed chief of the department of orthopedic surgery at the medical center.

In 1982 the plaintiffs commenced the instant medical malpractice action against Dee, the medical center and the County of Nassau alleging, *inter alia,* that the plaintiff Larry Palmer sustained personal injuries as the result of treatment received from Dee while he was a patient at the medical center.

The Supreme Court granted Dee's motion for an order directing the County of Nassau to defend and indemnify him in the underlying malpractice action pursuant to General Municipal Law § 50-d (1). We reverse.

General Municipal Law § 50-d (1) reads: "Notwithstanding any inconsistent provision of law, general, special or local, or limitation contained in the provisions of any city charter, every municipal corporation shall be liable for, and shall assume the liability, to the extent that it shall save him harmless, of any resident physician, physician, interne, dentist, podiatrist or optometrist rendering medical, dental, podiatry or optometry services of any kind to a person without receiving compensation from such person in a public institution maintained in whole or in part by the municipal corporation, or in the course of a home care service maintained by such public institution, for damages for personal injuries alleged to have been sustained by such person by reason of the malpractice of such resident physician, physician, interne, dentist, podiatrist or optometrist while engaged in the rendition of such services".

In the instant case we find that the protection of General Municipal Law § 50-d does not extend to Dee since he received compensation in the form of a $400 check from the Nassau County Department of Social Services for the medical services rendered to the plaintiff Larry Palmer *(see, Kral v County of Westchester,* 101 AD2d 880, *lv dismissed* 63 NY2d 944). We note that our decision is not altered by the fact that Dee allegedly endorsed the check over to the medical school through the Stony Brook Foundation Fund *(see, Lium v Ploski,* 87 AD2d 860, 861). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.