■ DENISE TOLEDO, Appellant, v CRAIG ORDWAY, Respondent.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered January 24, 1990, as, upon renewal, granted the defendant partial summary judgment dismissing so much of the complaint as relates to the time period from August 10, 1981, through May 1, 1982.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On August 10, 1981, the plaintiff was injured in an automobile accident. She was admitted to the Nassau County Medical Center, where she was treated by the defendant, an orthopedic

surgeon. At that time, the defendant was the Director of the Division of Traumatic Orthopedics of the Nassau County Medical Center. The defendant performed surgery on the plaintiff's leg on August 26, 1981, at the medical center. He thereafter resigned from county employment on May 1, 1982, but continued to treat the plaintiff until June 24, 1982, performing a second operation on May 10, 1982, at a private hospital. The plaintiff commenced the instant medical malpractice action on or about July 31, 1985, alleging that, as a result of the defendant's treatment, she sustained severe scarring as well as partial loss of the use of her leg.

The defendant moved for summary judgment dismissing the complaint as time-barred under General Municipal Law § 50-d. He alleged that since he treated the plaintiff as an employee of a municipal hospital, he was subject to the provisions of General Municipal Law § 50-d, which requires service of a notice of claim and prescribes the time for commencement of medical malpractice actions against municipalities and their employees. The defendant argued that inasmuch as no notice of claim was served upon either the defendant or the county and the action was not commenced within the time prescribed, the action must be dismissed. In opposition, the plaintiff alleged that she was treated by the defendant as a private patient at the request of her mother, a nurse employed at the Nassau County Medical Center, and therefore General Municipal Law § 50-d was inapplicable. The Supreme Court, Nassau County, in an order dated November 19, 1985, denied the motion, finding triable issues of fact as to whether the plaintiff was the defendant's private patient while he was employed by the county.

The defendant then sought renewal, this time seeking only partial summary judgment dismissing so much of the complaint as concerned the period the defendant was employed by the county. The defendant argued that the plaintiff was not a private patient in that she paid no compensation to him while he was employed by the county. The court, in an order dated April 9, 1986, granted renewal, but, upon renewal, adhered to the original determination denying summary judgment. The defendant made a second renewal motion based on the examinations before trial of the plaintiff's mother and the defendant which were taken after the denial of the prior motions. In the order appealed from, the court granted renewal and, upon renewal, granted partial summary judgment dismissing "those portions of the * * * complaint which relate to [the defen-

dant's] treatment of the plaintiff during his employment" by the Nassau County Medical Center. We affirm.

Contrary to the plaintiff's contention, renewal was properly granted since it was based upon examinations before trial which were conducted after the prior motions had been heard (see, Pietrowski v City of New York, 166 AD2d 423; Oremland v Miller Minutemen Constr. Corp., 133 AD2d 816).

We do not find any triable issue of fact as to whether the protections of General Municipal Law § 50-d extend to the defendant for the period of his municipal employment. That provision states, in pertinent part that "every municipal corporation shall be liable for, and shall assume the liability * * * of any * * * physician * * * rendering medical * * * services of any kind to a person without receiving compensation from such person in a public institution maintained in whole or in part by the municipal corporation * * * for damages for personal injuries alleged to have been sustained by such person by reason of the malpractice of such * * * physician" (General Municipal Law § 50-d [1]).

The record, and in particular, the testimony at the examinations before trial, conclusively established that the defendant neither requested nor received any compensation from the plaintiff for services rendered during the period of his employment at the medical center. It is undisputed that the plaintiff tendered no money to the defendant during that time and the defendant denied making any agreement to accept the plaintiff's mother's nursing services as payment (cf., Palmer v Nassau County Med. Center, 135 AD2d 797; Kral v County of Westchester, 101 AD2d 880). Indeed, the defendant testified that he specifically informed the plaintiff's mother that medical center policy precluded him from taking on private patients. Even assuming that the plaintiff's mother did offer future nursing services to the defendant, she admitted that none were ever provided. It is thus clear that the defendant was not compensated for the services he rendered to the plaintiff prior to his resignation from county employment.

General Municipal Law § 50-d (2) provides that service of a notice of claim is a prerequisite to the maintenance of any action subject to its provisions and that the action must be commenced within one year and 90 days of the alleged malpractice (see, General Municipal Law §§ 50-e, 50-i). Having failed to satisfy either requirement, the plaintiff's action, insofar as it asserts malpractice during the period from August 10, 1981, through May 1, 1982, is time-barred. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.